SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
FRANK FALZETTA, Cal. Bar. No. 125146
ffalzetta@sheppardmullin.com
ROBERT J. GUITE, Cal. Bar No. 244590
rguite@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:   415.434.9100
Facsimile:   415.434.3947

Attorneys for Defendant Liberty Life Assurance
Company of Boston

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES L. BUSH,<br><br>       Plaintiff,<br><br>    v.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, HYUNDAI MOTOR AMERICA,<br><br>       Defendants. | Case No. 4:14-cv-01507<br><br>**DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON'S:**<br><br>**(1) NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. 12(b)(6); and**<br><br>**(2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF.**<br><br>Date:      August 26, 2014<br>Time:     2:00 p.m.<br>Courtroom:  1, Fourth Floor<br><br>Action Filed:  April 1, 2014<br><br>Trial Date:   None Set |

TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that at 2:00 p.m. on August 26, 2014, in Courtroom 1 of the Ronald V. Dellums Federal Building, 1301 Clay Street, Oakland, California 94612, Liberty Life Assurance Company of Boston ("Liberty Life") will bring on for hearing its Motion to Dismiss.

Liberty Life brings this Motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, because the Second, Third, Fourth and Fifth Claims for Relief alleged against Liberty Life fail to state any claims upon which relief can be granted.

1.   Second Claim for Relief: Breach of Fiduciary Duty for Failure to Provide Plan Documents. Claims brought pursuant to 29 U.S.C. § 1132(a)(3) are not permitted and are subject to dismissal where a claim pursuant to 29 U.S.C. §1132(a)(1)(B) is also alleged. *Varity Corp. v. Howe*, 516 U.S. 489 (1996); *Brady v. United of Omaha Life Ins. Co.*, 902 F. Supp. 2d 1274 (N.D. Cal. 2012). In *Varity Corp.*, the Supreme Court held that individual equitable relief is "appropriate" within the meaning of section 1132(a)(3) where Congress did not provide adequate relief elsewhere in ERISA's remedial scheme. *Varity Corp.*, 516 U.S. at 515. "[W]here Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" *Id.* In any event, a claim for failure to provide plan documents or to provide an adequate SPD may be maintained only against the plan administrator. *McCollum v. Blue Shield of Cal.*, 2012 U.S. Dist. LEXIS 158534 (N.D. Cal. Nov. 2, 2012) (citing *Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940, 945 (9th Cir. 2008)). Accordingly, Count II of the Complaint should be dismissed as against Liberty Life.

2.   Third Claim for Relief: Equitable Relief and Disgorgement. Like Count II of Bush's Complaint, Count III seeks relief pursuant to 29 U.S.C. § 1132(a)(3) and that relief is not "appropriate." *Varity Corp.*, 516 U.S. at 515. Relief under Section 1132(a)(3) is permitted when relief is not provided for under another subsection of ERISA. Even if Bush's Section 1132(a)(3) were not precluded given his pursuit of relief under Section 1132(a)(1)(B), a claim for "disgorgement of any profits" may not be maintained. *Sexton v. Standard Ins. Co.*, 2014 U.S.

Dist. LEXIS 59614 (N.D. Ill. Apr. 30, 2014) (dismissing a § 1132(a)(3) claim and noting that "ERISA specifically provides a remedy for breaches of fiduciary duty with respect to the interpretation of plan documents and the payment of claims."). Count III of Plaintiff's Complaint should be dismissed.

      3.      **Fourth Claim for Relief: Equitable Relief for Failure to Provide Plan Documents.** Count IV of Plaintiff's Complaint fails to state a claim upon which relief can be granted as against Liberty Life. A claim for failure to provide plan documents or to provide an adequate SPD may be maintained only against the plan administrator. *Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940, 945 (9th Cir. 2008); *Moran v. Aetna Life Ins. Co.*, 872 F.2d 296, 299-300 (9th Cir. 1989. 29 U.S.C. § 1132(c)(1) does not render a third party directly liable to beneficiaries as if it were itself an "administrator." *Davis v. Liberty Mut. Ins. Co.*, 871 F.2d 1134, 1139 n.5 (D.C. Cir. 1989) (declining to impose liability under § 1132(c) because the insurer was not plan administrator)). Accordingly, Count IV of Plaintiff's Complaint should be dismissed.

      4.      **Fifth Claim for Relief: Declaratory Relief and Civil Penalties.** Claims relating to the adequacy of plan communications must be directed to the plan administrator, not the insurer providing benefits under the Plan. *Sgro*, 532 F.3d at 945; *Moran*, 872 F.2d at 299-300; *Davis*, 871 F.2d at 1139 n.5. For this reason alone, Count V fails to state a claim against Liberty Life upon which relief can be granted. Even if a claim relating to a plan communication could be maintained against Liberty Life, which it cannot, Bush's claim is still subject to dismissal as a breach of Department of Labor regulations does not support a claim under 29 U.S.C. §1132(c) or 29 U.S.C. §1133. Nor can a request for claim documents be relied upon to seek penalties for violation of claim regulations set forth in 29 C.F.R. § 2560.503-1(h)(2)(iii). *Streit v. Matrix Absence Mgmt., Inc.*, 2014 U.S. Dist. LEXIS 20440, at *11-12 (D. Ore. Feb. 18, 2014) (citing *Medina v. Metro. Life Ins.*, 588 F.3d 41, 48 (1st Cir. 2009); *Brown v. J.B. Hunt Trans. Servs.*, 586 F.3d 1079, 1088-89 (8th Cir. 2009). Count V of Plaintiff's Complaint should be dismissed.

      This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, and all other pleadings, papers, records and documentary materials on file or deemed

1 | to be on file in this action, those matters of which this Court may take judicial notice, and upon the
2 | oral arguments of counsel made at the hearing on this Motion.
3 |
4 | DATED: July 22, 2014
5 |                        SHEPPARD MULLIN RICHTER & HAMPTON LLP
6 |
7 |                        By           /s/ *Robert J. Guite*
                                  FRANK FALZETTA
8 |                                   ROBERT J. GUITE
9 |
10 |                             Attorneys for Defendant
                          LIBERTY LIFE ASSURANCE
11 |                            COMPANY OF BOSTON

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 1

I. INTRODUCTION .................................................................................................................. 1

II. STATEMENT OF FACTS ..................................................................................................... 2

III. LEGAL STANDARD ............................................................................................................ 3

IV. ARGUMENT ......................................................................................................................... 3

    A. 29 U.S.C. § 1132(a)(1)(B) Provides a Cause of Action for Plaintiff to Challenge the Offset of His LTD Benefits for Receipt of Veterans Administration Benefits; Claims Asserted Under 29 U.S.C. § 1132(a)(3) Must Be Dismissed ........................................................................................... 3

    B. Plaintiff's Second Cause of Action for Breach of Fiduciary Duty for Failure to Provide Plan Documents Must Be Dismissed ........................................ 5

        1. Claims for failing to provide Plan documents may be maintained only against the Plan Administrator ............................................. 6

        2. No claim brought pursuant to 29 U.S.C. § 1132(a)(3) may be maintained where ERISA elsewhere provides a remedy ........................ 6

    C. Plaintiff's Third Claim for Equitable Relief Pursuant to 29 U.S.C. § 1132(a)(3) Must Be Dismissed ...................................................................... 7

    D. Plaintiff's Fourth Cause of Action for Equitable Relief Should Be Dismissed ........................................................................................................ 8

    E. Bush's Fifth Claim for Relief Cannot Be Asserted Against Liberty Life and Should Be Dismissed ............................................................................... 8

V. CONCLUSION ..................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Anderson v. Clow*
    89 F.3d 1399 (9th Cir. 1996) ................................................................................................. 3

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ................................................................................................................ 3

*Balistreri v. Pacifica Police Dep't*
    901 F.2d 696 (9th Cir. 1990) .................................................................................................. 3

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2007) ................................................................................................................ 3

*Brady v. United of Omaha Life Ins. Co.*
    902 F. Supp. 2d 1274 (N.D. Cal. 2012) ................................................................................. 4

*Caffey v. Unum Life Ins. Co.*
    302 F.3d 576 (6th Cir. 1989) .................................................................................................. 9

*Carpenters Health & Welfare Trust for S. Cal. v. Vonderharr*
    384 F.3d 667 (9th Cir. 2004) .................................................................................................. 4

*Cherene v. First Am. Fin. Corp. Long-Term Disability Plan*
    303 F. Supp. 2d 1030 (N.D. Cal. 2004) ................................................................................. 9

*Cox v. Reliance Standard Life Ins. Co.*
    2014 U.S. Dist. LEXIS 29773 (E.D. Cal. Mar. 6, 2014) ............................................... 4, 5, 7

*Cyr v. Reliance Standard Life Ins. Co.*
    642 F.3d 1202 (9th Cir. 2011) ................................................................................................ 7

*Davis v. Liberty Mut. Ins. Co.*
    871 F.2d 1134 (D.C. Cir. 1989) .......................................................................................... 8, 9

*Ford v. MCI Comm'ns Corp. Health and Welfare Plan*
    399 F.3d 1076 (9th Cir. 2005) ................................................................................................ 7

*Hiney Printing Co. v. Brantner*
    243 F.3d 956 (6th Cir. 2001) .................................................................................................. 9

*McCollum v. Blue Shield of Cal.*
    2012 U.S. Dist. LEXIS 158534 (N.D. Cal. Nov. 2, 2012) .................................................. 6, 8

*Moran v. Aetna Life Ins. Co.*
    872 F.2d 296 (9th Cir. 1989) .................................................................................................. 9

*Pilot Life Ins. Co. v. Dedeaux*
    481 U.S. 41 (1987) .................................................................................................................. 3

*Premier Health Ctr. v. United Health Group*
    292 F.R.D. 204 (D.N.J. 2013) ................................................................................................ 9

*Ramos v. United of Omaha Life Ins. Co.*
    2013 U.S. Dist. LEXIS 1043 (N.D. Cal. Jan. 3, 2013) ....................................................... 4, 7

*Sexton v. Standard Ins. Co.*
    2014 U.S. Dist. LEXIS 59614 (N.D. Ill. Apr. 30, 2014) ......................................................... 7

*Sgro v. Danone Waters of N. Am., Inc.*
    532 F.3d 940 (9th Cir. 2008) ............................................................................................. 7, 9

*Streit v. Matrix Absence Mgmt., Inc.*
    2014 U.S. Dist. LEXIS 20440 (D. Ore. Feb. 18, 2014) .......................................................... 9

*Varity Corp. v. Howe*
    516 U.S. 489 (1996) ........................................................................................................... 4, 7

*Western Mining Council v. Watt*
    643 F.2d 618 (9th Cir. 1981) ................................................................................................... 3

FEDERAL STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS

29 Code of Federal Regulations
    § 2560.503-1 ................................................................................................................ 8, 9, 10
    § 2560.503-1(g)(1) .................................................................................................................. 9
    § 2560.503-1(h)(2)(iii) ............................................................................................................ 9

29 United States Code
    § 1002(16)(A) .......................................................................................................................... 6
    § 1022 ....................................................................................................................................... 5
    § 1024 ....................................................................................................................................... 8
    § 1102 ....................................................................................................................................... 8
    § 1102(a)(3) .............................................................................................................................. 7
    § 1132 .................................................................................................................................. 3, 4
    § 1132(a)(1)(A) ........................................................................................................................ 8
    § 1132(a)(1)(B) ....................................................................................................... 1, 3, 4, 5, 6, 7
    § 1132(a)(3) ............................................................................................................ 1, 3, 4, 5, 6, 7
    § 1132(c) .................................................................................................................... 1, 8, 9, 10
    § 1133 ....................................................................................................................................... 9

Federal Rules of Civil Procedure
    Rule 12(b)(6) ........................................................................................................................... 3

**MEMORANDUM OF POINTS AND AUTHORITIES**

### I.   INTRODUCTION

In his Complaint, Plaintiff James Bush ("Bush") asserts six ERISA claims against his long-term disability ("LTD") insurer, Liberty Life Assurance Company of Boston ("Liberty Life"), and three against his former employer and LTD Plan Administrator, Hyundai Motor America ("Hyundai"). He bases all of those claims on the same factual premise – the allegedly improper reduction of his monthly LTD benefits by the amount he receives from the United States Department of Veterans Affairs ("VA") for the same disability. At least four of Bush's claims are facially defective as against Liberty Life and should be dismissed at the pleading stage.

ERISA, particularly 29 U.S.C. § 1132(a)(1)(B), provides a civil remedy to participants to obtain declaratory relief and to recover benefits due under employee welfare benefit plans. Bush has availed himself of this remedy in Count I of his Complaint, styled as a "Claim for Benefits Pursuant to ERISA." Bush alleges essentially the same claim under 29 U.S.C. § 1132(a)(3) in Count II (that he is entitled to LTD benefits without a VA benefit offset). He also alleges a claim for equitable relief purportedly seeking to enforce plan terms (Count III) that is duplicative of Count I. In Counts IV and V, Bush asserts claims arising from (i) the alleged failure to provide appropriate plan documents, (ii) the alleged failure to respond to requests for plan documents, and (iii) a purportedly deficient notice of the decision to offset his LTD claim.

Counts II, III, IV and V fail to state claims upon which relief can be granted as against Liberty Life. As a matter of law, a plaintiff can only bring a claim under 29 U.S.C. § 1132(a)(3) when he or she cannot state a cognizable claim under another ERISA section. Because 29 U.S.C. § 1132(a)(1)(B) authorizes relief if Bush proves his claim for benefits alleged in Count I of the Complaint, he cannot pursue duplicative claims for equitable relief and breach of fiduciary duty under Section 1132(a)(3) (Counts II and III).

As for Counts IV and V, those claims arise from the alleged failure to provide adequate plan documents or to comply with requests for information, and may only be asserted against the Plan Administrator, Hyundai, *not* Liberty Life. Finally, civil penalties for violation of Department of Labor regulations do not support claims under 29 U.S.C. § 1132(c).

For all of these reasons, Liberty Life respectfully requests that the Court grant this Motion and enter an Order dismissing Counts II, III, IV and V as against Liberty Life *without* leave to amend.

## II.   STATEMENT OF FACTS

Bush was employed by Hyundai and covered under its employee welfare benefit plan. Dkt. No. 1, ¶¶ 7, 8, 40.  Hyundai is the Plan Administrator.  *Id*., ¶ 8.  The Plan provides LTD benefits funded by a group insurance policy issued by Liberty Life to Hyundai.  *Id*., ¶ 9.  Bush alleges that he was employed by Hyundai from 2008 until he became disabled in 2011 and sought benefits under the Plan.  *Id*., ¶ 39.  Bush previously served in the United States Marine Corps and was honorably discharged in 1972 following service in Vietnam.  *Id*., ¶ 38.   Bush purports to bring his claims individually and as representative of a putative class of veterans whose LTD benefits are being offset by VA benefits.  *Id*., ¶ 10.

Bush submitted his claim for LTD benefits in March 2012.  *Id*., ¶ 62.  Bush alleged disability based upon his Post Traumatic Stress Disorder ("PTSD").  *Id*., ¶ 63.  The claim was approved and Bush began receiving monthly LTD benefits.  *Id*., ¶ 64.  Bush also submitted a claim to the VA for service-connected disability related to his PTSD.  *Id*., ¶¶ 63, 68.  The VA approved Bush's claim and began paying him benefits in February 2013.  *Id*., ¶ 69, 72, 74.

In August 2013, Liberty Life wrote to Bush to advise that his monthly LTD benefits would be reduced by the amount of income he received from other sources, including his VA benefits.  *Id*., ¶ 75.  According to Bush, Liberty Life identified the following policy provision as the basis for the offset:

Benefits from Other Income means those benefits shown below:

1.   The amount for which the Covered Person is eligible under:

    a.   Workers' Compensation or Workmen's Compensation Law;
    b.   occupational disease law;
    c.   any compulsory benefit act or law; or
    d.   any other act or law of like intent […]

*Id*.

Liberty Life thereafter began offsetting the amount Bush's VA benefits as income payable to Bush under a "compulsory benefit act or law" or "other act or law of like intent."  *Id*., ¶ 80, 82,

104.[1]  Bush appealed in August 2013, and Liberty Life affirmed its offset decision.  *Id.*, ¶ 84.  Bush alleges that he exhausted his administrative remedies.  *Id.*, ¶ 88.  He then filed this putative class action in April 2014.

### III.  LEGAL STANDARD

Dismissal under Rule 12(b)(6) is appropriate where the complaint fails to support a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A Motion to Dismiss should be granted when the complaint fails "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The complaint must plead sufficient facts from which the court could "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although this Court must make all reasonable inferences in favor of the non-moving party in ruling on a Motion to Dismiss, a valid legal theory must exist for a claim to be saved from dismissal.  *Anderson v. Clow*, 89 F.3d 1399, 1403 (9th Cir. 1996).  The court does not need to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

### IV.  ARGUMENT

**A.  29 U.S.C. § 1132(a)(1)(B) Provides a Cause of Action for Plaintiff to Challenge the Offset of His LTD Benefits for Receipt of Veterans Administration Benefits; Claims Asserted Under 29 U.S.C. § 1132(a)(3) Must Be Dismissed.**

ERISA's comprehensive enforcement scheme represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans.  *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 52 (1987).  The remedies available under ERISA are exclusively set forth in 29 U.S.C. § 1132, which provides in relevant part:

> (A)   Persons empowered to bring a civil action.  A civil action may be brought –
>
> (1) by a participant or beneficiary.

---

[1] Bush did not challenge the decision to offset the amount he received in monthly Social Security Disability Income benefits.  *Id.*, ¶ 80, 82.

> (B) To recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a)(1)(B).

Where a claim for benefits under 29 U.S.C. § 1132(a)(1)(B)[2] provides relief to a participant, no claim can be asserted under 29 U.S.C. § 1132(a)(3). *Varity Corp. v. Howe*, 516 U.S. 489 (1996); *Brady v. United of Omaha Life Ins. Co.*, 902 F. Supp. 2d 1274 (N.D. Cal. 2012). In *Varity Corp.*, the Supreme Court held that individual equitable relief is "appropriate" within the meaning of Section 1132(a)(3) where Congress did not provide adequate relief elsewhere in ERISA's remedial scheme. *Varity Corp.*, 516 U.S. at 515. The Supreme Court described Section 1132(a)(3) as a "catchall" that acts "as a safety net, offering appropriate equitable relief for injuries caused by violations that [section 1132] does not elsewhere adequately remedy." *Id*. at 512. However, "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" *Id*. at 515.

In construing the phrase "other appropriate equitable relief," the Supreme Court has not allowed claims for monetary damages. *See Carpenters Health & Welfare Trust for S. Cal. v. Vonderharr*, 384 F.3d 667, 671 (9th Cir. 2004) (citing *Mertens v. Hewitt Assoc.*, 508 U.S. 248, 253-54 (1993)). Rather, remedies have been "limited to those categories of relief that were typically available in equity." *Id*. (quotations omitted). Where a remedy is elsewhere provided in ERISA, a Section 1132(a)(3) claim may not be maintained. *Ramos v. United of Omaha Life Ins. Co.*, 2013 U.S. Dist. LEXIS 1043, at *12-13 (N.D. Cal. Jan. 3, 2013).

In *Cox v. Reliance Standard Life Ins. Co.*, 2014 U.S. Dist. LEXIS 29773 (E.D. Cal. Mar. 6, 2014) the court stated:

> LKQ argues Plaintiffs' Second Claim for Relief under 29 U.S.C. § 1132(a)(3) must be dismissed because it is impermissibly duplicative of their First Claim for Relief under section 1132(a)(1). The Court agrees.

---

[2] Count I of Bush's Complaint seeks relief under ERISA's civil remedy provision, 29 U.S.C. §1132(a)(1)(B), and is not the subject of this Motion to Dismiss. That claim will be addressed in a subsequent dispositive motion.

> The Ninth Circuit has held that when plaintiffs claim under section 1132(a)(1)(B) against LKQ or some other similar employer, equitable relief is unavailable under section 1132(a)(3). *Ford v. MCI Comm'ns Corp. Health and Welfare Plan*, 399 F.3d 1076, 1083 (9th Cir. 2005) (holding that "because plaintiff asserted specific claims under 29 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(2), she cannot obtain relief under 29 U.S.C. § 1132(a)(3)"), *overruled on other grounds by Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202 (9th Cir. 2011); *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1475 (9th Cir. 1997) (holding that equitable relief under section 1132(a)(3) "is not appropriate because section 1132(a)(1) provides an adequate remedy in this case"), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). The absence of relief under section 1132(a)(3) remains regardless of whether a "plaintiff is successful on his § 1132(a)(1)(B) claim or not." *Moyle v. Liberty Mut. Ret. Ben. Plan,* 2013 WL 3316898, *13-16 (S.D. Cal. 2013) (dismissing plaintiffs' equity claim under section 1132(a)(3) because relief was available under section 1132(a)(1)(B), despite the fact that on summary judgment, plaintiffs lost their section 1132(a)(1)(B) claim).
>
> Plaintiffs rely on *CIGNA Corp. v. Amara,* 131 S. Ct. 1866 (2011), for the proposition that they are entitled to seek relief under section 1132(a)(3). SAC ¶ 38. This argument is unpersuasive, however, as the *Amara* plaintiffs did not simultaneously allege a section 1132(a)(1)(B) claim and 1132(a)(3) claim. *Amara,* 131 S. Ct. 1866. Thus, the *Amara* court did not consider the issue of whether a section 1132(a)(3) claim is barred when a plaintiff alleges a section 1132(a)(1)(B) claim. *See id.* Indeed, Plaintiffs themselves recognize that under section 1132(a)(3) relief "is permitted when relief is not provided for under another subsection of ERISA." Plaintiffs' Oppo. at 13. By their own admission, Plaintiffs can only assert a claim for equitable relief under section 1132(a)(3) if they did not assert a claim under section 1132(a)(1)(B).

*Id*. at *15-16.

Here, as in *Cox*, Bush asserts both a Section 1132(a)(1)(B) claim (Count I) and Section 1132(a)(3) claims (Counts II and III). As the court held in *Cox*, Bush's Section 1132(a)(3) claims should be precluded as duplicative of the benefits claim he asserts under Section 1132(a)(1)(B).

**B.  Plaintiff's Second Cause of Action for Breach of Fiduciary Duty for Failure to Provide Plan Documents Must Be Dismissed.**

Count II of Bush's Complaint sets forth a claim for equitable relief against Liberty Life pursuant to 29 U.S.C. § 1132(a)(3) for failing to provide a proper Summary Plan Description ("SPD") as required by 29 U.S.C. § 1022. Dkt. No. 1 at ¶¶ 147-49. Bush alleges that the SPD and correspondence provided to him did not include sufficient information detailing the circumstances that may result a denial or loss of benefits. Specifically, Bush asserts that the Plan's provisions allowing for LTD benefits to be reduced by the amount of income from other sources received by a participant did not specifically include VA disability benefits, and that a specific identification of

such benefits was required.  Dkt. No. 1 at ¶¶ 151-54.  Even if these facts supported Bush's claim, which they do not, it could only be asserted against the Plan Administrator, not Liberty Life.

### 1. Claims for failing to provide Plan documents may be maintained only against the Plan Administrator.

A claim for failure to provide plan documents or to provide an adequate SPD can only be maintained against the plan administrator.  *McCollum v. Blue Shield of Cal.*, 2012 U.S. Dist. LEXIS 158534 (N.D. Cal. Nov. 2, 2012) (citing *Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940, 945 (9th Cir. 2008); *Moran v. Aetna Life Ins. Co.*, 872 F.2d 296, 299-300 (9th Cir. 1989)).  Here, Hyundai serves as the Plan Administrator since it is (1) "the person specifically so designated by the terms of the instrument under which the plan is operated"; (2) "if an administrator is not so designated, the plan sponsor"; or (3) "in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe."  29 U.S.C. § 1002(16)(A).  Claims against an insurer or claims fiduciary for failure to provide adequate or any plan documents are subject to dismissal.  *McCollum*, 2012 U.S. Dist. LEXIS 158534, at *8-9) (granting Motion to Dismiss and rejecting plaintiff's assertion that claims for failure to provide plan documents may be maintained against the insurer).

### 2. No claim brought pursuant to 29 U.S.C. § 1132(a)(3) may be maintained where ERISA elsewhere provides a remedy.

Count II also alleges that the SPD and correspondence from Liberty Life and/or Hyundai did not adequately inform him of the circumstances in which other income would reduce his LTD benefits.  Presumably, Bush seeks injunctive relief to compel the disclosure of information necessary to understand the application of the offset for "Other Income."  However, the thrust or purpose of Bush's claim is clearly to recover benefits under the plan and to clarify his right to future benefits.  Those claims can be asserted under 29 U.S.C. § 1132(a)(1)(B) – which Bush has done in Count I.

Even if Bush had not pled a claim under 29 U.S.C. § 1132(a)(1)(B), thereby precluding relief under 29 U.S.C. §1132(a)(3), this sort of vague claim for plan documents and injunctive

relief is not cognizable under 29 U.S.C. § 1132(a)(3). *Ramos*, 2013 U.S. Dist. LEXIS 1043, at *12-13. In *Ramos*, the court dismissed a Section 1132(a)(3) claim where the plaintiff sought to permanently enjoin the insurer "from failing provide all documents related to 'benefit claims' upon request." *Id*. The court noted that ERISA provided a remedy for plaintiff elsewhere, and that a claim under Section 1132(a)(3) should be dismissed. *Id*. Again, if such claim is cognizable, it can only be asserted against the plan administrator. *Sgro*, 532 F.3d at 945.

**C.    Plaintiff's Third Claim for Equitable Relief Pursuant to 29 U.S.C. § 1132(a)(3) Must Be Dismissed.**

Count III seeks disgorgement of profits earned on "wrongfully withheld" benefits (presumably amounts of the VA offsets) and injunctive relief seeking to preclude the VA offset "to the extent not permitted by ERISA § 502(a)(1)(B) [1132(a)(1)(B)]." This claim for relief duplicates, at least in part, Count I, and is brought pursuant to 29 U.S.C. §1132(a)(3).[3] Dkt. No. 1 at ¶¶ 156-57.

As described above in relation to Count II, a plaintiff can only pursue a claim for relief under Section 1132(a)(3) when relief is not provided for under another subsection of ERISA. *Cox v. Reliance Standard Life Ins. Co.*, 2014 U.S. Dist. LEXIS 29773, at *16-17. Here, Bush alleges a claim under Section 1132(a)(1)(B) which seeks the same benefits sought under his Section 1132(a)(3) claim. Dkt. No. 1 at ¶ 129. Thus, he cannot pursue the latter claim, despite his attempt to "repackage his 'denial of benefits' claim as a claim for 'breach of fiduciary duty.'" *Varity*, 516 U.S. at 513. *See also, Ford*, 399 F.3d at 1083; *Cox*, 2014 U.S. Dist. LEXIS 29773, at *16-17.

Even if Bush's request for Section 1132(a)(3) relief was not precluded given his pursuit of relief under section 1132(a)(1)(B), a claim for "disgorgement of any profits" cannot be maintained. *Sexton v. Standard Ins. Co.*, 2014 U.S. Dist. LEXIS 59614 (N.D. Ill. Apr. 30, 2014) (dismissing a § 1132(a)(3) claim and noting that "ERISA specifically provides a remedy for

---

[3] Plaintiff's Complaint repeatedly references section 502(a)(3) as codified at 29 U.S.C. § 1102(a)(3). *See, e.g.*, Dkt. No. 1 at ¶¶ 156, 177. This is not correct. Presumably, Plaintiff meant to refer to 29 U.S.C. § 1132(a)(3).

breaches of fiduciary duty with respect to the interpretation of plan documents and the payment of claims.").

### D. Plaintiff's Fourth Cause of Action for Equitable Relief Should Be Dismissed.

Bush alleges that the documents he received in response to his request for a copy of the SPD and plan document did not comply with ERISA, because he did not receive a SPD distinct from the plan document. Dkt. No. 1 at ¶¶ 161-63. He alleges that this violates 29 U.S.C. § 1102, 29 U.S.C. § 1024 and 29 U.S.C. § 1132(a)(1)(A). Bush seeks civil penalties pursuant to Department of Labor regulations for the failure to timely provide the plan documents.

A claim for failure to provide plan documents, or to provide an adequate SPD, may be maintained only against the plan administrator, Hyundai. *McCollum*, 2012 U.S. Dist. LEXIS 158534, at *10-11 (citing *Sgro*, 532 F.3d at 945). Claim fiduciaries, like Liberty Life, do not have a duty to prepare or provide the SPD or plan documents. *McCollum*, 2012 U.S. Dist. LEXIS 158534, at *11. As the court noted in *McCollum*, "the Ninth Circuit has instructed against a *de facto* plan administrator theory[.] Even where 'a third party makes the benefit determination' such that 'the administrator may not have the needed documents on hand,' the liable party remains the administrator. Section 1132(c)(1) does not render a third party directly liable to beneficiaries as if it were itself an 'administrator.'" *Id.*; *Davis v. Liberty Mut. Ins. Co.*, 871 F.2d 1134, 1139 n.5 (D.C. Cir. 1989) (declining to impose liability under § 1132(c) because the insurer was not the plan administrator)). Accordingly, Count IV must be dismissed as against Liberty Life.

### E. Bush's Fifth Claim for Relief Cannot Be Asserted Against Liberty Life and Should Be Dismissed.

In Count V, Bush asserts claims for declaratory relief and civil penalties, alleging that he did not receive adequate notice of the decision to offset his VA benefits. Bush cites 29 C.F.R. § 2560.503-1 in support of his claim that the VA benefit offset constituted an adverse benefits determination, and that Liberty Life's letter did not comply with ERISA's notice requirements because (i) it did not describe how the benefit was subject to offset under the "Other Income" provision of the policy, (ii) did not describe the appeal process, and (iii) did not notify him of any rule, guideline or criteria relied upon in making the decision. Bush also alleges that the decision

on appeal did not comply with 29 C.F.R. § 2560.503-1(g)(1) or 1(j), because it did not advise him of (i) the basis of the adverse benefits decision, (ii) his right to commence a civil action, or (iii) his right to receive copies of certain documents.

As described above, claims relating to the adequacy of plan communications must be directed to the plan administrator, not the insurer providing benefits under the Plan. *Sgro*, 532 F.3d at 945; *Moran*, 872 F.2d at 299-300; *Davis*, 871 F.2d at 1139 n.5. For this reason alone, Count V of the Complaint should be dismissed as against Liberty Life.

Even if a claim relating to a plan communication could be maintained against Liberty Life, which it cannot, Bush's claim is still subject to dismissal because a breach of Department of Labor regulations does not support a claim under 29 U.S.C. §1132(c) or 29 U.S.C. §1133.

Nor can a request for claim documents be relied upon to seek penalties for violation of claim regulations set forth in 29 C.F.R. § 2560.503-1(h)(2)(iii). While courts recognize that the failure to comply with the disclosure obligations set forth in 29 C.F.R. 2560.503-1 may require remand for further review, those obligations cannot be enforced under Section 1132(c) or Section 1133, and statutory penalties are not available for a plan administrator or claim administrator's failure to perform a duty imposed by regulation in 29 C.F.R. § 2560.503-1. *Streit v. Matrix Absence Mgmt., Inc.*, 2014 U.S. Dist. LEXIS 20440, at *11-12 (D. Ore. Feb. 18, 2014) (citing *Medina v. Metro. Life Ins.*, 588 F.3d 41, 48 (1st Cir. 2009); *Brown v. J.B. Hunt Trans. Servs.*, 586 F.3d 1079, 1088-89 (8th Cir. 2009); *Wilczynski v. Lumbermens Mut. Cas. Ins.*, 93 F.3d 397, 406-07 (7th Cir. 1996); *Vanderklok v. Provident Life & Acc. Ins.*, 956 F.2d 610, 617-18 (6th Cir. 1992); *Groves v. Modified Ret. Plan*, 803 F.2d 109, 112-19 (3d Cir. 1986)); *Cherene v. First Am. Fin. Corp. Long-Term Disability Plan*, 303 F. Supp. 2d 1030, 1033-34 (N.D. Cal. 2004); *Premier Health Ctr. v. United Health Group*, 292 F.R.D. 204, 228 (D.N.J. 2013) (holding that where a letter denying or terminating benefits does not comply with ERISA's regulatory requirements, the time limits for bringing an appeal are not enforced, and the remedy is to remand the claim).

In any event, only plan administrators can be held liable for statutory penalties under 29 U.S.C. § 1132(c). *Moran*, 872 F.2d at 299; *Hiney Printing Co. v. Brantner*, 243 F.3d 956, 960 (6th Cir. 2001); *Caffey v. Unum Life Ins. Co.*, 302 F.3d 576, 584 (6th Cir. 1989) (holding that "an

1 insurance company, which is not a plan administrator cannot be held liable for statutory damages
2 [under § 1132(c)] for failure to comply with an information request."). Any claims seeking civil
3 penalties for the breach of the regulations set forth in 29 C.F.R. § 2560.503-1 must be dismissed.

## V.     CONCLUSION

For all of the foregoing reasons, Liberty Life respectfully requests that the Court grant its Motion to Dismiss and enter an Order dismissing Counts II, III, IV and V of Plaintiff's Complaint *without* leave to amend as against Liberty Life.

Dated: July 22, 2014

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      */s/ Robert J. Guite*
         FRANK FALZETTA
         ROBERT J. GUITE

         Attorneys for Defendant
         LIBERTY LIFE ASSURANCE
         COMPANY OF BOSTON