R. Bradford Huss, No. 71313
Virginia H. Perkins, No. 215832
Michelle S. Lewis, No. 255787
TRUCKER ✦ HUSS
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, CA  94111
Telephone:    (415) 788-3111
Facsimile:    (415) 421-2017
E-mail:        bhuss@truckerhuss.com
               vperkins@truckerhus.com
               mlewis@truckerhuss.com


Attorneys for Defendant
HYUNDAI MOTOR AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES L. BUSH,<br><br>                              Plaintiff,<br><br>         vs.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON; HYUNDAI MOTOR AMERICA,<br><br>                              Defendants. | Case No. 14-1507-YGR<br><br>**DEFENDANT HYUNDAI MOTOR AMERICA'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**<br><br>Date:   July 21, 2015<br>Time:   2:00 p.m.<br>Place:  Courtroom 1, 4th Floor<br>Judge:  Honorable Yvonne Gonzalez Rogers |

**<u>NOTICE OF MOTION AND MOTION</u>**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on July 21, 2015 at 2:00 p.m. or as soon thereafter as the matter may be heard, before the Honorable Yvonne Gonzalez Rogers in the United States District Court, Northern District California, located in Courtroom 1, Fourth Floor, 1301 Clay Street, Oakland, California 94612, Defendant Hyundai Motor America ("Hyundai") will, and hereby does, move pursuant to Federal Rule of Civil Procedure 12(b)(6) for dismissal of Counts II and V, and part of Count VIII, of Plaintiff James L. Bush's Amended Complaint against Hyundai.

The motion will be based on this Notice of Motion and Motion, the accompanying

Trucker ✦ Huss
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California  94111

Memorandum of Points and Authorities, the Declaration of Virginia H. Perkins In Support of Hyundai's Motion to Dismiss, the Proposed Order filed herewith, all of the files and records of this action, and any argument offered by counsel at the hearing of this motion.

By this motion, Hyundai seeks entry of an order dismissing Counts II and V, and part of Count VIII, of the Amended Complaint, with prejudice, as against Hyundai.

DATED:  June 11, 2015

TRUCKER ✦ HUSS

By:  /s/Virginia H. Perkins
Virginia H. Perkins
Attorneys for Defendant
HYUNDAI MOTOR AMERICA

1

## <u>TABLE OF CONTENTS</u>

2

<u>Page No.</u>

3   I.     INTRODUCTION ............................................................................................. 1

4   II.    STATEMENT OF ALLEGED FACTS ........................................................... 4

5          A.     Plaintiff's Claims Against Hyundai.................................................... 5

           1.     Plaintiff's Original Complaint & Defendants' Motion to Dismiss ............ 5

6          2.     Plaintiff's Amended Complaint............................................... 7

7   III.   LEGAL STANDARD FOR RULE 12(B)(6) MOTION ................................... 9

    IV.    ARGUMENT ................................................................................................... 11

8          A.     Counts II and V Should be Dismissed Because These Claims Are Pled In
                  the Alternative to Count I, the SPD and Plan Document Contain Identical
9                 Definitions of "Benefits from Other Income", And It would Be Logically
10                Impossible for The Court to Rule in Plaintiff's Favor on These Claims.............. 11

11         B.     Even if Plaintiff Could Prevail on His Reformation Claim, The Policy is
                  Drafted and Insured by Liberty Life and Therefore, Hyundai Cannot
12                Change the Terms of the Policy .......................................................... 14

13         C.     Plaintiff's New Demand for "Surcharge" Is Not Supported by the
                  Pleadings.................................................................................... 14

14         D.     Plaintiff's Claim That Hyundai Failed to Maintain the Plan Pursuant to a
                  "Written Instrument" Should be Dismissed ........................................... 15

15   V.    CONCLUSION .................................................................................................. 16

16

17

18

19

20

21

22

23

24

25

26

27

28

Trucker ♦ Huss
A Professional Corporation
One Embarcadero Center, 12ᵗʰ Floor
San Francisco, California  94111

# TABLE OF AUTHORITIES

Page No.

**Cases**

*Abagninin v. AMVAC Chemical Corp.*, 545 F.3d 733 (9th Cir. 2008)........................ 9, 14

*Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006) ............................ 11

*Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006) ................................ 10

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009) .............................................. 10

*Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696 (9th Cir.1990) ................................. 9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 127 S. Ct. 1955 L. Ed. 2d 929 (2007)........... 9, 10

*Cinelli v. Sec. Pac. Corp.*, 61 F.3d 1437 (9th Cir. 1995) ............................................. 15

*Fuller v. FMC Corp.*, 4 F.3d 255 (4th Cir. 1993).......................................................... 12

*Holbrooks v. Sun Life Assur. Co. of Canada*, 570 F. App'x 831, 835 (10th Cir. 2014) ................... 2

*Krieger v. Nationwide Mut. Ins. Co.*, 2012 WL 1029526 (D. Ariz. Mar. 27, 2012) ................. 14, 15

*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) ............................................ 10

*Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209 (9th Cir. 1988) ......................................... 9

*Muniz v. Amec Const. Mgmt., Inc.*, 623 F.3d 1290 (9th Cir. 2010)............................... 11

*Parrino v. FHP, Inc.*, 146 F.3d 699 (9th Cir.1998)........................................................ 10

*Paulson v. Paul Revere Life Ins. Co.*, 323 F. Supp. 2d 919 (S.D. Iowa 2004)................ 12

*Raifman v. Wachovia Securities, LLC*, No. C 11–02885 SBA, 2012 WL 1611030 (N.D. Cal. May 8, 2012)........................................................................... 9

*Righetti v. California Department of Corrections and Rehabilitation*, 2013 WL 1707957 *1 (N.D. Cal April 16, 2013)............................................................. 9, 14

*Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364 (6th Cir. 2015) ................................ 11

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393 (9th Cir. 1986)........... 9

*Skinner v. Northrop Grumman Retirement Plan*, 673 F.3d 1162 (9th Cir. 2012)............. 13, 15

*Somers v. Apple, Inc.*, 729 F.3d 953 (9th Cir. 2013) ................................................... 9

*Tuttle v. Varian Med. Sys. Inc.*, 15 F. Supp. 3d 944 (D. Ariz. 2013) ............................ 15

*Varity Corp. v. Howe*, 516 U.S. 489 (1996) ............................................................. 6, 11

*Vasquez v. Los Angeles County*, 487 F.3d 1246 (9th Cir. 2007)....................................... 9

**Statutes**

ERISA § 102, 29 U.S.C. § 1022 ............................................................................ passim

ERISA § 402, 29 U.S.C. § 1102 ............................................................................... 9, 15

ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) ................................................... passim

ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3)............................................................. passim

**Rules**

Fed. R. Civ. P. 12(b)(6) ......................................................................................... 5, 13

<b><u>MEMORANDUM OF POINTS AND AUTHORITIES</u></b>

**I.      INTRODUCTION**

Because there is no plausible way that Plaintiff James L. Bush ("Plaintiff") can prevail on Counts II and V of his Amended Complaint, those claims fail to state a claim upon which relief may be granted, and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  A portion of Count VIII should also be dismissed for failure to state a claim on which relief may be granted.

Plaintiff is a participant in a long term disability plan ("LTD Plan") sponsored by defendant Hyundai Motor America ("Hyundai").  The Plan is insured by defendant Liberty Life Assurance Company of Boston ("Liberty Life") pursuant to a written insurance policy ("Policy") that is prepared and authored by Liberty Life.  Hyundai pays premiums to Liberty Life for coverage as set forth in the Policy.  Liberty Life not only pays all benefits due under the LTD Plan, it also decides all claims and appeals for benefits under the LTD Plan.  Liberty Life also authors and provides to Hyundai a document entitled "Certificate of Coverage/Summary Plan Description" (the "SPD"), which summarizes the terms of the Policy.  Hyundai provides the SPD to participants in the Plan, in accordance with ERISA § 102.[1]

Both the Policy and the SPD state that LTD benefits will be offset by "Benefits from Other Income", which are defined, as relevant to this litigation, as:

1.      The amount for which you are eligible under:

      a.      Workers' or Workmen's Compensation Law;

      b.      occupational disease law;

      c.      any compulsory benefit act or law; or

      d.      any other act or law of like intent.

(Amended Complaint, ¶¶ 64, 135; *see also* Decl. Perkins, Exhibit 1, Policy, Section 4; Decl. Perkins, Exhibit 2, SPD, Section 4, p. 25).

---

[1]      The document entitled "Certificate of Coverage" (pages 1 through 41 of the document) and "Summary Plan Description" (pages 42 through 50 of the document) is provided to participants as a single document and constitutes the summary plan description for the Plan.  (*See* Decl. Virginia H. Perkins In Support of Motion to Dismiss Amended Complaint ("Decl. Perkins"), Exhibit 2, SPD).

Trucker ♦ Huss
A Professional Corporation
One Embarcadero Center, 12ᵗʰ Floor
San Francisco, California 94111

Liberty Life determined that Plaintiff was disabled and eligible for benefits under the terms of the Policy.  However, Liberty Life also determined that benefits Plaintiff was receiving from the Department of Veterans Affairs (the "VA benefits"), for the same disability, constituted "Benefits from Other Income" under the Policy, and reduced Plaintiff's LTD benefit under the Plan based on that offset.  Plaintiff's challenge to that offset is the central issue in this litigation and Count I of Plaintiff's Amended Complaint (brought against Liberty Life) seeks payment of benefits under the LTD Plan, without an offset for VA benefits, pursuant to ERISA § 502(a)(1)(B).

Counts II and V of Plaintiff's Amended Complaint, brought against Hyundai, purport to seek "equitable relief" under ERISA § 502(a)(3) based on the alleged failure of the SPD to accurately and completely disclose the terms of the Policy.  Specifically, Plaintiff contends that the SPD did not disclose that LTD benefits would be offset by VA benefits received.  Plaintiff's claims simply fail to state a plausible claim for relief.

Counts II and V are pled ***in the alternative*** to Count I of Plaintiff's Amended Complaint. Therefore Counts II and V can only go forward if the Court denies Plaintiff's claim for benefits under ERISA § 502(a)(1)(B) (Count I of the Amended Complaint) and upholds Liberty Life's interpretation of the Policy, in a *de novo* review of the terms of the Policy.[2]  That is, in order for Counts II and V to go forward, the Court would need to find that the Policy language (which is identical to the language in the SPD) provides an offset for VA benefits against LTD benefits.[3] However, if the Court reaches such a conclusion, it would be logically impossible and nonsensical for the Court to then conclude that the SPD failed to accurately and completely disclose the terms

---

[2]     The parties previously stipulated to a de novo review of Plaintiff's benefit claim.  (Dkt. # 79 at 1:12-13).

[3]     There is strong support for Liberty Life's interpretation of the Policy, and for the Court to uphold Liberty Life's application of the offset.  In *Holbrooks v. Sun Life Assur. Co. of Canada*, 570 F. App'x 831, 835 (10th Cir. 2014), the Tenth Circuit considered almost identical language in a long term disability policy and held that an offset for benefits received pursuant to any "Compulsory Benefit Act or Law" included an offset for VA benefits.  As a result, the Sixth Circuit upheld the insurer's decision to deny the plaintiff's claim for benefits, in an action brought under ERISA Section 502(a)(1)(B).  In *Holbrooks*, Sun Life had reduced the plaintiff's long term disability benefits by VA benefits under a policy provision providing an offset for "Other Income Benefits."  The Policy defined "Other Income Benefits" as including, among other things, any benefits the participant received pursuant to "Workers' Compensation Law" or any "Compulsory Benefit Act or Law ... or any other act or law of like intent."  *Id*. at 833.  On a de novo review, the court upheld Sun Life's decision to offset VA benefits as benefits under a "Compulsory Benefit Act or Law."

Trucker ♦ Huss
A Professional Corporation
One Embarcadero Center, 12ᵗʰ Floor
San Francisco, California 94111

of the Policy – because the SPD and the Policy contain **the exact same language** with respect to the offset for "Benefits from Other Income."  Furthermore, Plaintiff's demand that the Court "reform" the terms of the Policy to comport with the benefits promised in the SPD also makes no sense, because the SPD describes benefits in exactly the same words as those benefits are described in the Policy.

In summary, if Plaintiff prevails on Count I, Counts II and V are superfluous as they are necessarily and admittedly brought as alternative claims to Count I of Plaintiff's Complaint.  If Liberty Life prevails on Count I, that logically precludes a finding in Plaintiff's favor on Counts II and V as their underlying factual allegation that there is a difference between what the Policy provides and what the SPD discloses cannot exist because both documents use the exact same language.

Even if Plaintiff were somehow able to prevail on the merits of Counts II and V, the "reformation" remedy Plaintiff seeks cannot be provided by Hyundai.  Plaintiff seeks reformation of the LTD Policy (not the SPD), a document, an insurance policy, that Plaintiff admits is prepared by Liberty Life and over which Hyundai has no control.  Not only does Liberty Life draft the Policy, Liberty Life also insures and pays any and all benefits due under the Plan based on the Policy's terms.  Hyundai has no power to effectuate a "reformation" of the terms of Liberty Life's Policy, or to require that Liberty Life pay benefits under such a "reformed" Policy.

Furthermore, the newly alleged "surcharge" remedy Plaintiff seeks under Counts II and V is also unavailable because Plaintiff has not alleged, nor can Plaintiff demonstrate, that Hyundai gained any benefit from the allegedly deficient SPD or that Plaintiff suffered any harm as a result of the allegedly deficient SPD.

Finally, in Count VIII of the Amended Complaint, Plaintiff asserts that Hyundai failed to maintain the Plan pursuant to a written instrument.  The Plan's terms are set forth in the Policy, which is a "written instrument."  Therefore this claim should be dismissed.

For the reasons set forth above, and more fully discussed below, Hyundai respectfully requests that the Court dismiss Counts II and V, and part of Count VIII, of the Amended Complaint with respect to Hyundai.

Trucker ♦ Huss
A Professional Corporation
One Embarcadero Center, 12ᵗʰ Floor
San Francisco, California  94111

## II.     STATEMENT OF ALLEGED FACTS

Plaintiff alleges the following facts, which, for the purposes of this Motion, are deemed to be true.

Plaintiff is a former employee of Hyundai Capital America ("HCA") and a veteran of the U.S. armed forces.  (Amended Complaint, ¶ 7).  While employed by HCA, Plaintiff was covered under a long term disability plan offered to employees of Hyundai and HCA (the "LTD Plan" or "Plan"), and insured by Liberty Life Assurance Company of Boston ("Liberty Life").  (Amended Complaint, ¶ 53).  The terms of the LTD Plan are set forth in an insurance policy, prepared and issued by Liberty Life (the "Policy").  (Amended Complaint, ¶¶ 9, 56, 215; Decl. Perkins, Exhibit 1, Policy).   Participants in the Plan are provided with a combined "Certificate of Coverage/Summary Plan Description" (the "SPD"), also prepared by Liberty Life, which summarizes the terms of the Plan.  (Amended Complaint, ¶¶ 143, 215; Decl. Perkins, Exhibit 2, SPD).  Hyundai is the named "Plan Administrator" of the Plan.  (Amended Complaint, ¶ 8; Decl. Perkins, Exhibit 2, SPD, p. 42).  However, eligibility for benefits and the amount of benefits payable under the Plan are matters decided by Liberty Life in its sole and exclusive authority and all benefits are paid by Liberty Life.  (Amended Complaint, ¶¶ 9, 142; Decl. Perkins, Exhibit 2, SPD, pp. 42, 43, 47-50; Decl. Perkins, Exhibit 1, Policy, Section 7 ("Liberty shall possess the authority, in its sole discretion, to construe the terms of this policy and to determine benefit eligibility hereunder" and such decisions "shall be conclusive and binding."); Decl. Perkins, Exhibit 1, Policy, Cover Page (Liberty Life "agrees to pay the benefits provided by this policy in accordance with its provisions.")).

In 2012, Liberty Life determined that Plaintiff was disabled under the terms of the Policy and began paying Plaintiff benefits under the Policy.  (Amended Complaint, ¶ 90).  Also in 2012, Plaintiff began receiving benefits for the same disability from the Department of Veterans Affairs (the "VA").  (Amended Complaint, ¶¶ 95-96).  Liberty Life determined that these VA benefits should be offset against the LTD benefits Plaintiff was being paid, pursuant to the terms of the Policy.  (Amended Complaint, ¶ 101).

Trucker ♦ Huss
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California 94111

The terms of both the Policy and the SPD provide that a participant's benefit amount is "60% (Benefit Percentage) of Basic Monthly Earnings not to exceed a Maximum Monthly Benefit of $15,000.  **Less Benefits from Other Income as outlined in Section 4**."  (Amended Complaint, ¶ 64, 135; Decl. Perkins, Exhibit 1, Policy, Section 1; Decl. Perkins, Exhibit 2, SPD, Section 1, p. 4) (emphasis in original).

The Policy and the SPD also both define "Benefits From Other Income" to include the following:

1.   The amount for which you are eligible under:

      a.   Workers' or Workmen's Compensation Law;

      b.   occupational disease law;

      c.   any compulsory benefit act or law; or

      d.   any other act or law of like intent.

(Amended Complaint, ¶ 64, 135; Decl. Perkins, Exhibit 1, Policy, Section 4; Decl. Perkins, Exhibit 2, SPD, Section 4, p. 25).

Liberty Life determined that Plaintiff's VA benefits constituted "Benefits from Other Income" because they were amounts Plaintiff was eligible to receive under "any compulsory benefit act or law… or any other act or law of like intent."  (Amended Complaint, ¶¶ 101, 110, 111, 144).  As a result, Liberty Life reduced Plaintiff's benefit under the Plan to account for that offset.[4] (Amended Complaint, ¶¶ 101, 102).   Plaintiff's dispute of that offset is the central issue in this litigation.

A.   **Plaintiff's Claims Against Hyundai**

1.   **Plaintiff's Original Complaint & Defendants' Motion to Dismiss**

Plaintiff's original Complaint in this action, filed on April 1, 2014, asserted six claims against Liberty Life, three of which were also brought against Hyundai.  (Dkt. #1).  Among the claims asserted by Plaintiff were a claim for benefits under ERISA § 502(a)(1)(B), solely against Liberty Life (Count I of the original Complaint), and a claim against Liberty Life and Hyundai,

---

[4]     Liberty Life also sought to recoup amounts previously overpaid to Plaintiff (i.e. before implementation of the offset) by further reducing Plaintiff's Plan benefit to zero.  (Amended Complaint, ¶¶ 116-119).

under ERISA § 102 and ERISA § 502(a)(3), in which Plaintiff sought "equitable relief" for the defendants' alleged failure to provide Plaintiff with an SPD meeting the requirements of ERISA § 102 (Count II of the original Complaint).  Liberty Life filed a motion to dismiss Count II of Plaintiff's  original Complaint, in which Hyundai joined in part, arguing that Plaintiff's claim under ERISA § 502(a)(3) should be dismissed because it was duplicative of Plaintiff's claim under ERISA § 502(a)(1)(B) and therefore improper under the Supreme Court's holding in *Varity Corp. v. Howe*, 516 U.S. 489 (1996) and its progeny.  (Motion to Dismiss, Dkt. #21).

At the hearing on Liberty Life's Motion to Dismiss, Plaintiff stated that Count I and Count II of his Complaint were pled in the alternative.  (Hearing Transcript, Dkt. #52 at 6:23-7:2) ("YOU'RE ABLE TO PLEAD A CLAIM IN THE ALTERNATIVE – AND THAT'S WHAT WE'VE DONE HERE."); (Id. at 8:22-24) ("THE COUNT TWO ONLY EXISTS, IT ONLY PROCEEDS IN THIS WISE AND [SIC] ALTERNATIVE CLAIM…").  That is, Plaintiff only sought equitable relief under ERISA § 502(a)(3) if he did not prevail on his claim for benefits under ERISA § 502(a)(1)(B).  In the words of Plaintiff's counsel:

> COUNT ONE ALLEGES, WE BELIEVE, THAT UNDER THE PROPER INTERPRETATION OF THE PLAN THERE IS NO PERMISSION FOR OFFSET.
>
> AND, THEREFORE, THE PLAINTIFF WHO CURRENTLY IS RECEIVING NO BENEFITS FROM THE DEFENDANTS BECAUSE THEY HAVE OFFSET THE ENTIRETY OF HIS BENEFIT, SHOULD BE RECEIVING BENEFITS.
>
> **BUT IF WE'RE WRONG IN OUR INTERPRETATION**, COUNT TWO THEN SAYS THAT THE DEFENDANTS VIOLATED THEIR STATUTORY OBLIGATIONS UNDER 102 OF ERISA TO PROPERLY DISCLOSE AND ACCURATELY DISCLOSE THE TERMS OF THE PLAN IN SUMMARY DOCUMENTS THAT THEY ARE OBLIGATED TO PROVIDE UNDER ERISA.
>
> AND WHERE THEY FAIL TO PROPERTY DO THAT, TO FAIL TO PROPERLY DISCLOSE, THAT CONSTITUTES A BREACH OF FIDUCIARY DUTY.  **AND IF WE LOSE ON THE (A)(1)(B) CLAIM WE'RE ENTITLED TO SEEK EQUITABLE RELIEF UNDER 502(A)(3) TO REFORM THE TERMS OF THE PLAN CONSISTENT WITH THE DISCLOSURES THAT WERE MADE**."

(Hearing Transcript, Dkt. #52 at 7:3-18) (emphasis added).

Trucker ♦ Huss
A Professional Corporation
One Embarcadero Center, 12ᵗʰ Floor
San Francisco, California 94111

The Court denied Liberty Life's Motion to Dismiss Count II on the ground that it was duplicative of Count I.[5]  (Order, Dkt. #50 at 9:4-11:23).  In denying Liberty Life's Motion, the Court held that "[a]t the pleading stage, a plaintiff may assert section (a)(1)(B) and (a)(3) claims in the alternative…."  (Order, Dkt. #50 at 10:10-17).  The Court further noted that "[a]ccording to plaintiff, he seeks relief under Count II only if Count I fails. Specifically, only if the terms of the plan are interpreted, under Count I, to permit the VA benefits offset, then plaintiff seeks reformation under Count II to redress alleged miscommunication of the terms of the Plan in the SPD. … Plaintiff is entitled to pursue these alternative theories, seeking alternative relief, at this early stage in the litigation."  (Order, Dkt. #50 at 10:27-11:5).  The Plaintiff's original Complaint did not set forth the terms of the SPD or the fact that the SPD contained the exact same language as the Policy regarding offsets for "Benefits from Other Income."[6]

### 2.   Plaintiff's Amended Complaint

On April 20, 2015, Plaintiff filed an Amended Complaint.  (Dkt. #77).  Plaintiff's Amended Complaint again asserts a claim for benefits under ERISA § 502(a)(1)(B) (solely against Liberty Life) and eleven additional ERISA claims (four of which are asserted against Hyundai), based on the same alleged facts set forth in Plaintiff's original Complaint.[7]  Count II of Plaintiff's Amended Complaint is identical in all relevant respects to Count II of Plaintiff's original Complaint, with respect to Hyundai.  (Amended Complaint, ¶¶ 180-193).  Count II of the Amended Complaint, like Count II of Plaintiff's original Complaint, is brought under ERISA § 502(a)(3) and seeks "equitable relief" for Hyundai's alleged failure to provide an SPD that complied with ERISA § 102.  (Id.).  Specifically, Plaintiff alleges that the SPD:

---

[5]     The Court granted Liberty Life's motion to dismiss Count II (with respect to Liberty Life only) on the ground that any claim for violation of ERISA § 102 may only be brought against the "plan administrator" – in this case, Hyundai.  (Order, Dkt. #50, at 7:7-21).  Therefore, the Court dismissed Count II with respect to Liberty Life, but allowed it to proceed with respect to Hyundai.

[6]     Paragraphs 131 through 135 of the Amended Complaint, which set forth the terms of the SPD, were not included in the original Complaint.

[7]     Plaintiff also seeks to bring several claims against Hyundai on behalf of a putative "Hyundai Class", in spite of clear evidence that Plaintiff is the only participant in Hyundai's LTD Plan whose benefits are being offset by VA benefits.  Plaintiff also seeks to assert claims against a putative "administrator class."

Trucker ♦ Huss
A Professional Corporation
One Embarcadero Center, 12ᵗʰ Floor
San Francisco, California 94111

> [F]ails to comply with ERISA § 102 because it does not describe the conditions that will result in a loss or offset of benefits in a manner calculated to be understood by the average participant. Specifically, the SPD, even including the Certificate of Coverage, fails to clearly identify the receipt of Veterans Disability Benefits, or any Veterans Benefits, as a circumstance that may result in any denial, loss or offset of any benefits that a participant or beneficiary might otherwise reasonably expect to receive under the Policy….

(Amended Complaint, ¶ 191; see also original Complaint, Dkt. #1, ¶ 152).

Count V of Plaintiff's Amended Complaint is based on the same alleged facts as Count II and also asserts a claim under ERISA § 502(a)(3) for the alleged failings of the SPD. In Count V, however, Plaintiff asserts that the alleged failings of the SPD constituted a breach of Hyundai's fiduciary duty "to provide plan participants and beneficiaries with accurate information about the benefits provided by the plan, including any offsets that may be charged against those benefits." (Amended Complaint, ¶ 213). Count V is explicitly pled as an alternative to Count I. Plaintiff alleges that **"[t]o the extent that Veterans Disability Benefits can be offset under the terms of the Liberty Life Policy**, Defendant Hyundai … breached [its] fiduciary duties of loyalty and prudence by failing to provide a description of the types of income eligible for offset to the participants and beneficiaries of LTD Plans insured by the Liberty Life LTD Policy." (Amended Complaint ¶ 217 (emphasis added); *see also* Amended Complaint ¶ 216 ("To the extent that Veterans' Disability Benefits is a form of income eligible for offset…")).[8]

With respect to Plaintiff's claim for "equitable relief" asserted in Counts II and V, Plaintiff's Prayer for Relief states that Plaintiff seeks an order that the terms of the LTD Policy "be reformed as necessary, to provide that long-term disability benefits under the terms of the [Policy or Plan] be provided to members of the Liberty Life Class without an offset for Veterans Disability Benefits, and imposing a surcharge upon any breaching fiduciary." (Amended Complaint, Prayer, B.).

In Count VIII of Plaintiff's Amended Complaint he asserts, among other things, that Hyundai "fail[ed] to properly maintain the Plan pursuant to a written instrument that satisfies

---

[8] Paragraphs 1 and 3 of Plaintiff's Amended Complaint also describe these disclosure claims as brought "alternatively" to Plaintiff's claim for benefits. (Amended Complaint, ¶ 1, at 2:7; ¶ 3, at 2:22).

Trucker ♦ Huss
A Professional Corporation
One Embarcadero Center, 12ᵗʰ Floor
San Francisco, California 94111

1   ERISA § 402…."  (Amended Complaint, ¶ 251).  In his Prayer for Relief, Plaintiff seeks an order

2   declaring Hyundai "failed to establish the Hyundai LTD Plan pursuant to a written instrument

3   pursuant to ERISA § 402 and ordering Defendant Hyundai to do so…."  (Prayer for Relief, E.).

### III.   LEGAL STANDARD FOR RULE 12(B)(6) MOTION

5   A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the

6   legal sufficiency of the claims in the complaint.  Dismissal for failure to state a claim upon which

7   relief can be granted is proper when complaint either (1) lacks a cognizable legal theory or (2) fails

8   to allege sufficient facts to support a cognizable legal theory.  *Somers v. Apple, Inc*., 729 F.3d 953,

9   959 (9th Cir. 2013); *see also Balistreri v. Pacifica Police Dep't*., 901 F.2d 696, 699 (9th Cir.1990)

10  ("Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts

11  alleged under a cognizable legal theory.").  A plaintiff must plead "enough facts to state a claim to

12  relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct.

13  1955, 1974, 167 L. Ed. 2d 929 (2007).  When plaintiffs fail to "nudge[] their claims across the line

14  from conceivable to plausible, their complaint must be dismissed."  *Id*.

15  Leave to amend "may be denied if a court determines that 'allegation of other facts

16  consistent with the challenged pleading could not possibly cure the deficiency.'"  *Abagninin v.*

17  *AMVAC Chemical Corp.*, 545 F.3d 733, 742 (9th Cir. 2008), *citing Schreiber Distrib. Co. v. Serv-*

18  *Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  When amendment of a complaint would

19  be futile, and "no set of facts can be proved under the amendment to the pleadings that would

20  constitute a valid and sufficient claim," leave to amend need not be given.  *Raifman v. Wachovia*

21  *Securities, LLC*, No. C 11–02885 SBA, 2012 WL 1611030 *2 (N.D. Cal. May 8, 2012), *citing*

22  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988); *Righetti v. California Department*

23  *of Corrections and Rehabilitation*, No. C–11–2717 EMC, 2013 WL 1707957 *1 (N.D. Cal April

24  16, 2013) (holding that leave to amend need not be granted where futile, such as if a complaint, as

25  amended, would be subject to dismissal).

26  For the purpose of testing the legal sufficiency of a complaint, a court must "accept all

27  material allegations of fact as true and construe the complaint in a light most favorable to the non-

28  moving party."  *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).  A court is

Trucker ♦ Huss
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California  94111

Trucker ♦ Huss
A Professional Corporation
One Embarcadero Center, 12ᵗʰ Floor
San Francisco, California 94111

not, however, "bound to accept as true a legal conclusion couched as a factual allegation."  See *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 1949-50 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* at 678.  Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of cause of action will not do."  *Twombly*, 550 U.S. at 555 (internal citations omitted).

In ruling on a motion to dismiss, facts alleged in the complaint are generally taken as true.  However, Courts may disregard factual allegations that are controverted by matters subject to judicial notice, or documents necessarily relied on by the complaint and whose authenticity no party questions.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (holding that "a court may consider 'material which is properly submitted as part of the complaint' on a motion to dismiss … [and] [i]f the documents are not physically attached to the complaint, they may be considered if the documents' 'authenticity ... is not contested' and 'the plaintiff's complaint necessarily relies' on them."); *see also Parrino v. FHP, Inc*., 146 F.3d 699, 706 (9th Cir.1998) (holding that a court may consider "document[s] the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies," documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading," and "documents crucial to the plaintiff's claims, but not explicitly incorporated in his complaint" without converting a motion to dismiss into a motion for summary judgment), superseded by statute on other grounds as recognized in *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).

Plaintiff's Amended Complaint repeatedly references the Policy and the SPD and those documents are necessarily relied on by the Amended Complaint.  The authenticity of the Policy and the SPD is not in dispute.  Therefore, the Court may consider the terms of the Policy and the SPD in ruling on this Motion to Dismiss, without converting this Motion to a motion for summary judgment.

## IV.    ARGUMENT

### A.    Counts II and V Should be Dismissed Because These Claims Are Pled In the Alternative to Count I, the SPD and Plan Document Contain Identical Definitions of "Benefits from Other Income", And It would Be Logically Impossible for The Court to Rule in Plaintiff's Favor on These Claims

According to Plaintiff's counsel's own representations to the Court, the Court's prior Order, and Plaintiff's Amended Complaint, Counts II and V of Plaintiff's Amended Complaint are asserted in the alternative to Count I of Plaintiff's Amended Complaint.  That is, if Plaintiff is awarded benefits under ERISA § 502(a)(1)(B), he does not (and may not) also seek "equitable relief" under ERISA § 502(a)(3).[9]  Therefore, Plaintiff's claims under ERISA § 502(a)(3) may only proceed if the Court agrees with Liberty Life's interpretation of the Policy, and upholds the offset of VA benefits from Plaintiff's LTD benefits.[10]

Plaintiff has stipulated that the Court's review of Liberty Life's interpretation of the Policy language is subject to a *de novo* review – i.e. a review which gives no deference to Liberty Life's interpretation.  Dkt. # 79 at 1:12-13 ("[T]he parties hereby stipulate that the judicial standard of review for the claim of Plaintiff Bush will be *de novo*"); *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006) (under a de novo review, "[t]he court simply proceeds to evaluate whether the plan administrator correctly or incorrectly denied benefits."); *Muniz v. Amec Const. Mgmt., Inc.*, 623 F.3d 1290, 1295-96 (9th Cir. 2010) ("When conducting a de novo review of the record, the court does not give deference to the claim administrator's decision, but rather determines in the first instance if the claimant has adequately established that he or she is disabled under the terms of the plan.").  Therefore, in order for Liberty Life to prevail on Count I of

---

[9]     The nature of the "equitable" relief Plaintiff seeks in his Prayer for Relief demonstrates that it would be nonsensical for Counts II and V to proceed if Plaintiff prevailed on his claim for benefits in Count I.  Plaintiff seeks reformation of the LTD Policy to provide benefits without an offset for VA benefits.  (Prayer, B.).  Obviously, if the Court determines that the Policy as written provides benefits without an offset for VA benefits, such relief would be unnecessary.

[10]    The Court previously declined to dismiss Plaintiff's ERISA § 502(a)(3) claim as duplicative of Plaintiff's ERISA § 502(a)(1)(B) claim, holding that, at the pleading stage, the Plaintiff was permitted to set forth alternative theories.  Following the Court's Order, the Sixth Circuit in *Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364 (6th Cir. 2015), held that a claimant may not proceed with a claim under ERISA § 502(a)(3) when the claimant was made whole by an award of benefits under ERISA § 502(a)(1)(B), as was true in that case.  If Plaintiff is awarded benefits under the Plan, he will be made whole for any injury alleged in this case, and relief under ERISA § 502(a)(3) will be improper under *Rochow* and *Varity* and its progeny.

Trucker ♦ Huss
A Professional Corporation
One Embarcadero Center, 12ᵗʰ Floor
San Francisco, California 94111

Plaintiff's Amended Complaint, the Court must conclude that the language of the Policy, which states that benefits shall be reduced by "Benefits from Other Income" including the amount Plaintiff was eligible to receive under "any compulsory benefit act or law … or any other act or law of like intent," includes VA benefits, by its own terms.  If the Court reaches this finding – which is the only way that Counts II and V can even theoretically proceed – it becomes logically impossible for the Court to then also find in Plaintiff's favor on Count II or Count V.

Count II and Count V attack the language in the SPD, and assert that the SPD does not accurately or clearly disclose that benefits under the Plan would be offset by VA benefits.  But, the language in the SPD is **identical** to the language in the Policy.  The SPD, like the Policy, states that LTD benefits shall be reduced by "Benefits from Other Income" including the amount Plaintiff was eligible to receive under "any compulsory benefit act or law … or any other act or law of like intent."  If the Court finds that this language in the Policy was correctly applied by Liberty Life to reduce the Plaintiff's LTD benefits by VA benefits, it would be logically inconsistent for the Court to then hold that this **identical** language was insufficient to disclose **the terms of the Policy.**

ERISA § 102 requires that an SPD be "written in a manner calculated to be understood by the average participant" and be "sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations **under the plan**."  Plaintiff's only complaint about the SPD's clarity is that it allegedly does not explicitly, or with sufficient clarity, include VA benefits in its definition of what constitutes "Benefits from Other Income."  (Amended Complaint, ¶ 132).  However, it is nonsensical for Plaintiff to assert that the SPD fails to be "sufficiently accurate and comprehensive to reasonably apprise … participants and beneficiaries of their rights and obligations **under the plan**" because the SPD contains the exact same language as the Policy itself.  *See, e.g., Paulson v. Paul Revere Life Ins. Co*., 323 F. Supp. 2d 919, 940 (S.D. Iowa 2004) ("An SPD is intended to be a summary of the policy. A summary, by its very definitions is a "short restatement of the main points." Webster's 3d Int'l Dictionary (1961). Thus, in its commonly understood meaning, a summary may well be expected to leave out some terms and detail, **but cannot be expected to add terms not appearing in the document being summarized**.") (emphasis added); *Fuller v. FMC Corp.*, 4 F.3d 255, 261 (4th Cir. 1993) (noting

that while an SPD could have made a benefit "crystal clear by using the same language as that used in the plan itself," even that was not required, because the SPD need only be a "summary" of the plan).

Similarly, Plaintiff's breach of fiduciary duty claim against Hyundai asserts that the SPD distributed by Hyundai failed to "provided plan participants and beneficiaries with accurate information about the benefits provided by the plan, including any offsets that may be charged against those benefits" (Amended Complaint, ¶ 213).   The SPD contained the most accurate information regarding the Policy possible by describing the benefits offered under the Policy in exactly the same language as provided in the Policy.

Plaintiff's request for reformation of the Policy based on (identical) language in the SPD is also nonsensical and untenable.  As a remedy for Hyundai's alleged violation of ERISA § 102 and breach of fiduciary duty, Plaintiff's Prayer demands that the "the terms of the LTD Policy" be "reformed … to provide that long-term disability benefits under the terms of the Plans and the Liberty Life LTD Policy be provided to  members of the Liberty Life Class without an offset for Veterans disability benefits…."  (Prayer, B.).  Plaintiff's Prayer for "reformation" of the <u>Policy</u> based on the allegedly inadequate SPD makes no sense in the context of an SPD and Policy containing identical language.  This is not a case in which the SPD actually offered something different from the Policy or misrepresented what benefits were offered by the Policy – the Policy and the SPD are identical – so to "reform" the Policy based on an alleged misrepresentation in the SPD literally makes no sense.

Counts II and V of Plaintiff's Amended Complaint appear to be modeled after a claim asserted by plan participants in *Skinner v. Northrop Grumman Retirement Plan*, 673 F.3d 1162 (9th Cir. 2012).  In that case, the plaintiffs alleged that the plan administrator failed to ensure that participants were provided with an SPD that met the requirements of ERISA § 102 and sought equitable relief under ERISA § 502(a)(3).  In *Skinner*, the terms of the SPD were different from the terms of the Plan, and the participants asked that the terms of the Plan be reformed to be consistent with the more generous SPD.  *Id*. at 1166.  In this case, there is no difference between the SPD and the Plan.  Furthermore, in *Skinner*, the Court held that reformation is only proper in cases of fraud

Trucker ♦ Huss
A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California 94111

Trucker ♦ Huss
A Professional Corporation
One Embarcadero Center, 12ᵗʰ Floor
San Francisco, California 94111

and mistake. *Id*. at 1166. No mistake existed in that case because there was no evidence that the plan "contained terms that failed to reflect the drafter's true intent" and no fraud existed because there was no evidence that the employer intentionally misled its employees and, further, even if the defendant had materially misled its employees, the plaintiffs did not rely on the misleading information. In the present case, Plaintiff does not allege that Hyundai intentionally misled Plaintiff or that Plaintiff would have done anything differently had the SPD explicitly included VA benefits in the definition of "Benefits from Other Income." *See also Krieger v. Nationwide Mut. Ins. Co*., No. CV11-01059-PHX-DGC, 2012 WL 1029526, at *6 (D. Ariz. Mar. 27, 2012) (plaintiff failed to present evidence of "fraud" or "mistake" as required for the remedy of reformation).

Amendment of the Amended Complaint cannot cure the defects in Count II and V, because nothing the Plaintiff alleges can change the fact that the SPD and Policy contain the same language. *See, e.g., Righetti*, 2013 WL 1707957 *1 (holding that leave to amend need not be granted where futile); *Abagninin*, 545 F.3d at 742 (leave to amend may be denied if "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.").

**B.     Even if Plaintiff Could Prevail on His Reformation Claim, The Policy is Drafted and Insured by Liberty Life and Therefore, Hyundai Cannot Change the Terms of the Policy**

Even if Plaintiff were to succeed on Counts II and V, there can be no recourse against Hyundai because benefits under the Plan are paid by Liberty Life pursuant to the terms of the insurance Policy issued and prepared by Liberty Life. Even if the Policy were ordered "reformed," that is something only Liberty Life could do, and payment under the "reformed" policy would be by Liberty Life, not Hyundai. Hyundai has no power to force Liberty Life to reform the Policy. Nor does Hyundai have the power to force Liberty Life to pay benefits under a new Policy if reformed.

**C.     Plaintiff's New Demand for "Surcharge" Is Not Supported by the Pleadings**

Plaintiff's Amended Complaint adds a request for a "surcharge" to his prayer for "equitable" relief. (Prayer for Relief, B). However, Plaintiff has failed to allege facts required to support a surcharge remedy. In order for a surcharge remedy to be awarded in the Ninth Circuit, the plaintiff must demonstrate either unjust enrichment to the defendant fiduciary or harm to the

Trucker ♦ Huss
A Professional Corporation
One Embarcadero Center, 12ᵗʰ Floor
San Francisco, California 94111

1    plaintiff resulting from the alleged fiduciary breach.  *Skinner*, 673 F3d at 1167.  In *Skinner*, the

2    Ninth Circuit held there was no "unjust enrichment" because there was no evidence the plan

3    administrator "gained a benefit by failing to ensure that the participants received an accurate SPD."

4    *Id.* at 1167.  Similarly in this case, Plaintiff has not alleged any facts to support a claim that

5    Hyundai gained anything from what Plaintiff contends is an inaccurate SPD.  Benefits under the

6    Policy are insured and paid by Liberty Life, not Hyundai and the SPD is drafted by Liberty Life

7    and provided to Hyundai.  Further, the Court in *Skinner* also held there was no actual harm caused

8    by the inaccurate SPD because the plaintiffs in that case failed to show "that their current positions

9    are any different than they would have been without the inaccurate SPD."  *Id.* at 1167 (holding that

10   the "harm" of being deprived of the statutory right to an accurate SPD is not a compensable harm);

11   *see also Krieger*, 2012 WL 1029526 at *6 (rejecting the plaintiff's claim for surcharge remedy on

12   similar reasoning).  Similarly, in the instant case, Plaintiff does not assert that "his current position

13   is any different than it would have been without the allegedly defective SPD."  *Krieger*, 2012 WL

14   1029526 at *6.  For example, Plaintiff does not allege that he would have purchased a different

15   policy or that he would have done anything differently if he had been provided with a SPD that

16   specifically stated that VA benefits would be offset from LTD benefits.

17             **D.    Plaintiff's Claim That Hyundai Failed to Maintain the Plan Pursuant to a
                       "Written Instrument" Should be Dismissed**

18

19             In Count VIII, Plaintiff makes allegations that Hyundai failed to maintain the Plan pursuant

20   to a "written instrument," in compliance with ERISA § 402.  In Plaintiff's Prayer for Relief he asks

21   for an order "[d]eclaring that Defendant Hyundai has filed to establish the Hyundai LTD Plan

22   pursuant to a written instrument pursuant to ERISA § 402 and ordering Defendant Hyundai to do

23   so."  (Amended Complaint, Prayer, E.).  As alleged in Plaintiff's Amended Complaint, benefits

24   under the Plan are provided pursuant to the Policy offered by Liberty Life.  (Amended Complaint,

25   ¶ 1).  In the Ninth Circuit, "[i]t is clear that an insurance policy may constitute the "written

26   instrument" of an ERISA plan...." *Tuttle v. Varian Med. Sys. Inc*., 15 F. Supp. 3d 944, 949 (D.

27   Ariz. 2013), *citing Cinelli v. Sec. Pac. Corp.*, 61 F.3d 1437, 1441 (9th Cir. 1995).  The Policy

28   constitutes a "written instrument" as required by ERISA § 402.  Therefore, Plaintiff's claim is

1   without merit and should be dismissed, with prejudice.

2   **V.      CONCLUSION**

3          Counts II and V of Plaintiff's Amended Complaint should be dismissed, with prejudice,

4   because there is no way that Plaintiff can prevail on these claims.  If Plaintiff prevails on Count I,

5   Counts II and V are superfluous as they are necessarily and admittedly brought as alternative

6   claims to Count I of Plaintiff's Complaint.  If Liberty Life prevails on Count I, that logically

7   precludes a finding in Plaintiff's favor on Counts II and V as their underlying factual allegation that

8   there is a difference between what the Policy provides and what the SPD discloses cannot exist

9   because both documents use the exact same language.  Furthermore, even if Plaintiff could prevail

10  on the merits of Counts II and V, the "reformation" relief Plaintiff seeks can only be provided by

11  Liberty Life, not Hyundai, because the Policy is prepared by Liberty Life and Hyundai has no

12  power to reform the Policy or force Liberty Life to pay benefits under a reformed Policy.  Finally, a

13  surcharge remedy is not available against Hyundai because Plaintiff does not allege that Hyundai

14  benefited from the allegedly deficient SPD or that Plaintiff was injured by the allegedly deficient

15  SPD.

16         Plaintiff's claim in Count VIII of the Amended Complaint, that Hyundai failed to establish

17  and maintain the Plan pursuant to a written instrument should also be dismissed, with prejudice,

18  because the terms of the Plan are set forth in the Policy.

19         For the reasons set forth herein, Hyundai respectfully requests the Court dismiss Counts II

20  and V, and part of Count VIII, of Plaintiff's Amended Complaint, with prejudice.

21  DATED:  June 11, 2015

22                              TRUCKER ✦ HUSS

23

24                              By:  /s/ Virginia H. Perkins
                                     Virginia H. Perkins
25                                   Attorneys for Defendant
                                     HYUNDAI MOTOR AMERICA
26

27

28

Trucker ✦ Huss
A Professional Corporation
One Embarcadero Center, 12ᵗʰ Floor
San Francisco, California  94111