1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2  Including Professional Corporations
   FRANK FALZETTA, Cal. Bar. No. 125146
3  ffalzetta@sheppardmullin.com
   ROBERT J. GUITE, Cal. Bar No. 244590
4  rguite@sheppardmullin.com
   Four Embarcadero Center, 17th Floor
5  San Francisco, California 94111-4109
   Telephone:    415.434.9100
6  Facsimile:    415.434.3947

7  Attorneys for Defendant Liberty Life Assurance
   Company of Boston

8

9                 UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11

12  JAMES L. BUSH,                    Case No. 4:14-cv-01507

13          Plaintiff,               **DEFENDANT LIBERTY LIFE
                                      ASSURANCE COMPANY OF
14      v.                           BOSTON'S:**

15  LIBERTY LIFE ASSURANCE COMPANY    **(1)  NOTICE OF MOTION AND
    OF BOSTON, HYUNDAI MOTOR          MOTION TO DISMISS AMENDED
16  AMERICA,                          COMPLAINT PURSUANT TO FED. R.
                                      CIV. 12(b)(6); and**
17          Defendants.
                                      **(2)  MEMORANDUM OF POINTS AND
18                                    AUTHORITIES IN SUPPORT
                                      THEREOF.**
19
                                      Date:        July 21, 2015
20                                    Time:        2:00 p.m.
                                      Courtroom:   1, Fourth Floor
21
                                      Action Filed:   April 1, 2014
22
                                      Trial Date:     None Set
23

24

25

26

27

28

TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that at 2:00 p.m. on July 21, 2015, in Courtroom 1 of the Ronald V. Dellums Federal Building, 1301 Clay Street, Oakland, California 94612, Liberty Life Assurance Company of Boston ("Liberty Life") will bring on for hearing its Motion to Dismiss.

Liberty Life brings this Motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, because the Third, Fourth, Sixth, Seventh, Eleventh and Twelfth Claims for Relief alleged against Liberty Life fail to state claims upon which relief can be granted.

1.  **Third Claim for Relief:  Equitable Relief and Disgorgement**.  Claims brought pursuant to 29 U.S.C. § 1132(a)(3) are not permitted and are subject to dismissal where a claim pursuant to 29 U.S.C. §1132(a)(1)(B) is also alleged.  *Varity Corp. v. Howe*, 516 U.S. 489 (1996); *Brady v. United of Omaha Life Ins. Co.*, 902 F. Supp. 2d 1274 (N.D. Cal. 2012).  In *Varity Corp.*, the Supreme Court held that individual equitable relief is "appropriate" within the meaning of section 1132(a)(3) where Congress did not provide adequate relief elsewhere in ERISA's remedial scheme.  *Varity Corp.*, 516 U.S. at 515.  "[W]here Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'"  *Id.*  Even if Bush's Section 1132(a)(3) were not precluded given his pursuit of relief under Section 1132(a)(1)(B), a claim for "disgorgement of any profits" may not be maintained.

Since this Court granted, in part, Liberty Life's Motion to Dismiss on January 2, 2015, the Sixth Circuit issued its *en banc* decision in *Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364 (6th Cir. 2015) holding that a claimant may not recover disgorged profits under section 1132(a)(3) as "appropriate equitable relief," as this would constitute an impermissible duplicative recovery contrary to clear Supreme Court precedent.  The Sixth Circuit noted that there was "no showing that the benefits recovered by [the plaintiff], plus the attorney's fee awarded, plus the prejudgment interest that may be awarded on remand, are inadequate to make [the plaintiff] whole."  *Id.* at 372.  As such, there was "no trigger for further equitable relief under Varity."  *Id.*  Further, the Sixth Circuit confirmed that equitable relief can be only obtained only where the alleged injury is

separate and distinct from the denial of benefits.  Here, as in *Rochow*, Plaintiff's claim for benefits and his equitable relief claims are both premised upon Liberty Life's alleged denial of benefits. Thus, Plaintiff cannot assert a claim for disgorgement or other equitable relief and Count III of Plaintiff's Amended Complaint should be dismissed.

2.    **Fourth Claim for Relief:  Breach of Fiduciary Duty for Providing Allegedly Inadequate Plan Documents**.  Count IV fails to state a claim upon which relief can be granted as against Liberty Life.  A claim for failure to provide plan documents or to provide an adequate SPD may be maintained only against the plan administrator.  *Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940, 945 (9th Cir. 2008); *Moran v. Aetna Life Ins. Co.*, 872 F.2d 296, 299-300 (9th Cir. 1989).

29 U.S.C. § 1132(c)(1) does not render a third party directly liable to beneficiaries as if it were itself an "administrator."  *Davis v. Liberty Mut. Ins. Co.*, 871 F.2d 1134, 1139 n.5 (D.C. Cir. 1989) (declining to impose liability under § 1132(c) because the insurer was not plan administrator).  This Court so ruled in dismissing Plaintiff's claim for failure to provide plan documents in granting Liberty Life's Motion to Dismiss.  Dkt. No. 50 at 5-7 (noting that the Ninth Circuit has all but "slammed the door on the *de facto* administrator theory advanced by Plaintiffs" and that "[t]he unambiguous language of the statute places the responsibility for provision of [summary plan descriptions] on plan administrators and not insurers.").  Plaintiff's attempt to recast these same claims in his Amended Complaint is improper.   Count IV of the Amended Complaint should be dismissed.

3.    **Sixth Claim for Relief:  Breach of Fiduciary Duty**.  Claims relating to the adequacy of plan communications must be directed to the plan administrator, not the insurer providing benefits under the Plan.  *Sgro*, 532 F.3d at 945; *Moran*, 872 F.2d at 299-300; *Davis*, 871 F.2d at 1139 n.5.  As with Plaintiff's Fourth Claim for Relief, attempting to re-label the claim as one for "co-fiduciary" liability does not save this claim from dismissal.  As this Court recognized, an insurer is not liable for failing to provide plan documents or for providing allegedly inadequate plan documents to the plan administrator.  Dkt. No. 50 at 5-7.  Count VI of the Plaintiff's Amended Complaint should be dismissed.

4.    **Seventh Claim for Relief:  Engaging in Prohibited Transactions**.  Claims for self-dealing and engaging in prohibited transactions with plan assets cannot be maintained against the insurer of a fully insured plan.  The insurance policy that funds benefits is not a plan asset.  *Vander Luitgaren v. Sun Life Assur. Co. of Canada*, 765 F.3d 59, 63 (1st Cir. 2014) ("the assets of a policy-issuing insurer are not plan assets").  Under ERISA, the assets of the insurer are not treated as plan assets and are not subject to ERISA's fiduciary or prohibited transaction rules.  *Austin v. Union Bond & Trust Co.*, 2014 WL 7359058, at *4, n.2 (D. Or. Dec. 23, 2014).  "An insurance company ... is not considered to hold plan assets if a plan purchases an insurance policy from it, to the extent that the policy provides payments guaranteed by the company."  *Trustees of Laborers' Local No. 72 Pension Fund v. Nationwide Life Ins. Co.*, 783 F. Supp. 899, 903 (D.N.J. 1992).  Accordingly, Count VII of Plaintiff's Amended Complaint should be dismissed.

5.    **Eleventh Claim for Relief:  Declaratory Relief for Alleged Attachment, Levy or Seizure of VA Benefits**.  Count XI should be dismissed because Liberty Life did not attach, levy or seize any plan participant's VA benefits.  Instead, it reduced the amount of LTD benefits payable to a participant by the amount of VA benefits he or she received for the same disabling condition.  As courts have consistently recognized, a LTD insurer does not violate anti-attachment provisions, including 38 U.S.C. § 5301(a), by offsetting LTD benefits.  *Cusson v. Liberty Life Assur. Co.*, 592 F.3d 215, 232 (1st Cir. 2010); *Williams v. Group Long Term Disability Ins.*, 2008 U.S. Dist. LEXIS 54622 (N.D. Ill. July 17, 2008).  Claims for reimbursement of LTD benefits for the amount received in "other income" benefits, including SSDI benefits and VA benefits, seek reimbursement of LTD benefits paid, not SSDI or VA benefits.  *Id.* (citing *Smith v. Accenture U.S. Group Long-Term Disability Ins. Plan,* 2006 U.S. Dist. LEXIS 68971 (N.D. Ill. Sept. 13, 2006)); *Fortelney v. Liberty Life Assur. Co.*, 790 F. Supp. 2d 1322, 1344 (W.D. Okla. 2011).  Such offsets are not prohibited by 38 U.S.C. § 5301(a).  Accordingly, Count XI of the Amended Complaint should be dismissed.

6.    **Twelfth Claim for Relief:  Breach of Fiduciary Duty**.  Claims relating to the adequacy of plan communications must be directed to the plan administrator, not the insurer

1   providing benefits under the Plan.  *Sgro*, 532 F.3d at 945; *Moran*, 872 F.2d at 299-300; *Davis*,

2   871 F.2d at 1139 n.5.  For this reason alone, Count XII  fails to state a claim against Liberty Life.

3   Even if a claim relating to a plan communication could be maintained against Liberty Life, which

4   it cannot, Bush's claim must still be dismissed as duplicative of Count I, which seeks benefits and

5   declaratory relief under ERISA.  In addition, a claim for breach of fiduciary duty cannot be

6   maintained against a non-fiduciary under Section 1132(a)(3).  *Nieto v. Ecker*, 845 F.2d 868, 873

7   (9th Cir. 1988) (holding that "[p]ermitting recovery of damages under section 502(a)(3) [for a

8   breach by a non-fiduciary] would render section 409(a) superfluous, a result contrary to a

9   fundamental canon of statutory construction").  Count XII of the Amended Complaint should be

10  dismissed.

11          This Motion is based upon this Notice, the attached Memorandum of Points and

12  Authorities, and all other pleadings, papers, records and documentary materials on file or deemed

13  to be on file in this action, those matters of which this Court may take judicial notice, and upon the

14  oral arguments of counsel made at the hearing on this Motion.

15

16  DATED:  June 11, 2015

17                                  SHEPPARD MULLIN RICHTER & HAMPTON LLP

18

19                                  By _____
                                                          /s/ *Robert J. Guite*

20                                       FRANK FALZETTA
                                         ROBERT J. GUITE

21
                                         Attorneys for Defendant
22                                       LIBERTY LIFE ASSURANCE
                                         COMPANY OF BOSTON
23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................... 1

II.     STATEMENT OF FACTS .............................................................................. 3

III.    LEGAL STANDARD ..................................................................................... 4

IV.     ARGUMENT .................................................................................................. 4

      A.    Plaintiff's Third Claim for Disgorgement of Profits Fails Because It is Duplicative of Bush's Claim for Benefits and Is Not "Appropriate" Equitable Relief Under ERISA. ................................................................. 4

      B.    Plaintiff's Fourth Claim for Equitable Relief Fails Because Liberty Life Is Not the Plan Administrator and the Claim is Duplicative of Bush's Benefits Claim. ........................................................................................................ 7

      C.    Bush's Sixth Claim for Relief Fails to Allege the Necessary Facts Showing that Liberty Life Has "Co-Fiduciary" Liability for the Plan Administrator's Alleged Breach of Fiduciary Duty as to Provision of Plan Documents. .................. 8

      D.    Bush's Seventh Claim for Relief Fails to Because Liberty Life Did Not Engage in ERISA Prohibited Transactions with Plan Assets. ............................... 10

      E.    Bush's Eleventh Claim for Relief Fails Because Liberty Life Did Not "Attach, Levy or Seize" Any VA Benefits. ........................................................... 11

      F.    Bush's Twelfth Claim for Relief Fails As Yet Another Improperly Re-Labeled "Plan Document" Claim Against Liberty Life, Which is Not the Plan Administrator. ........................................................................................ 13

V.      CONCLUSION ............................................................................................ 14

SMRH:437539345.4

Case No. 14-1507
LIBERTY LIFE ASSURANCE COMPANY  OF BOSTON'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

# TABLE OF AUTHORITIES

Page(s)

## Federal Cases

*Anderson v. Clow*
   89 F.3d 1399 (9th Cir. 1996) .................................................................................. 4

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) .............................................................................................. 4

*Austin v. Union Bond & Trust Co.*
   2014 WL 7359058 (D. Or. Dec. 23, 2014) ........................................................ 10

*Balistreri v. Pacifica Police Dep't*
   901 F.2d 696 (9th Cir. 1990) ................................................................................ 4

*Bell Atl. Corp. v. Twombly*
   550 U.S. 544 (2007) .............................................................................................. 4

*Bianconi v. Preston*
   383 F. Supp. 2d 276 (D. Mass. 2005) ................................................................ 11

*Bosin v. Liberty Life Assur. Co.*
   2007 U.S. Dist. LEXIS 26697 (W.D. Mich. Apr. 11, 2007) ............................. 12

*Brady v. United of Omaha Life Ins. Co.*
   902 F. Supp. 2d 1274 (N.D. Cal. 2012) ............................................................... 4

*Carpenters Health & Welfare Trust for S. Cal. v. Vonderharr*
   384 F.3d 667 (9th Cir. 2004) ................................................................................ 6

*Caudle v. Life Ins. Co. of N. Am.*
   33 F. Supp. 3d 1288, 1294 (N.D. Ala. 2014) .................................................... 10

*Cigna Corp. v. Amara*
   131 S. Ct. 1866 (2011) .......................................................................................... 6

*Cox v. Reliance Standard Life Ins. Co.*
   2014 U.S. Dist. LEXIS 29773 (E.D. Cal. Mar. 6, 2014) .................................. 5, 7

*Cusson v. Liberty Life Assur. Co.*
   592 F.3d 215 (1st Cir. 2010) .............................................................................. 12

*Davis v. Liberty Mut. Ins. Co.*
   871 F.2d 1134 (D.C. Cir. 1989) ...................................................................... 8, 13

*DeBenedictis v. Hartford Life & Acc. Ins. Co.*
   701 F. Supp. 2d 1113 (D. Ariz. 2010) ............................................................... 13

SMRH:437539345.4

*DeFrancesco v. Nationwide Mut. Ins. Co.*
    2006 U.S. Dist. LEXIS 17856 (D. Conn. Apr. 7, 2006) ........................................ 12

*Ford v. MCI Comm'ns Corp. Health and Welfare Plan*
    399 F.3d 1076 (9th Cir. 2005) *overruled on other grounds by Cyr v. Reliance Standard*
    *Life Ins. Co.,* 642 F.3d 1202 (9th Cir. 2011) ............................................................ 7

*Fortelney v. Liberty Life Assur. Co.*
    790 F. Supp. 2d 1322 (W.D. Okla. 2011) ................................................................ 12

*Haung v. Life Ins. Co. of N. Am.*
    47 F. Supp. 3d 890 (E.D. Mo. 2014) .................................................................... 7, 8

*Herman v. Metropolitan Life Ins. Co.*
    2008 U.S. Dist. LEXIS 101612 (M.D. Fla. Dec. 16, 2008) .................................... 12

*Herrington v. Household Int'l., Inc.*
    2004 WL 719355 (N.D. Ill. Mar. 31, 2004) .............................................................. 9

*Holmstrom v. Metropolitan Life Ins. Co.*
    615 F. Supp. 2d 722 (N.D. Ill. 2009) ..................................................................... 13

*Lamb v. Hartford Life & Acc. Ins. Co.*
    862 F. Supp. 2d 1342 (M.D. Ga. 2012) ............................................................ 12, 13

*Makoul v. Prudential Ins. Co. of Am.*
    2013 U.S. Dist. LEXIS 104653 (N.D. Ill. July 25, 2013) ...................................... 13

*Mattox v. Life Ins. Co. of N. Am.*
    536 F. Supp. 2d 1307 (N.D. Ga. 2008) ................................................................. 12

*McCollum v. Blue Shield of Cal.*
    2012 U.S. Dist. LEXIS 158534 (N.D. Cal. Nov. 2, 2012) ....................................... 8

*Merrimon v. Unum Life Ins. Co. of Am.*
    758 F.3d 46 (1st Cir. 2014) ................................................................................... 10

*Mertens v. Hewitt Assoc.*
    508 U.S. 248 (1993) ............................................................................................... 6

*Moran v. Aetna Life Ins. Co.*
    872 F.2d 296 (9th Cir. 1989) ........................................................................ 7, 8, 13

*Moreland v. Behl*
    1996 WL 193843 (N.D. Cal. Apr. 17, 1996). ......................................................... 11

*Nieto v. Ecker*
    845 F.2d 868 (9th Cir. 1988) ................................................................................ 14

*Rochow v. Life Ins. Co. of N. Am.*
    780 F.3d 364 (6th Cir. 2015)....................................................................... 1, 4, 5, 6, 7

*Schulist v. Blue Cross of Iowa*
    717 F.2d 1127 (7th Cir. 1983)........................................................................................ 8

*Sgro v. Danone Waters of N. Am., Inc.*
    532 F.3d 940 (9th Cir. 2008)............................................................................ 7, 8, 13

*Smith v. Accenture U.S. Group Long-Term Disability Ins. Plan*
    2006 U.S. Dist. LEXIS 68971 (N.D. Ill. Sept. 13, 2006) ........................... 12

*In re Sprint Corp. ERISA Litig.*
    388 F. Supp. 2d 1207 (D. Kan. 2004) .................................................................. 9

*Stuart v. Metropolitan Life Ins. Co.*
    664 F. Supp. 619 (D. Me. 1987) ........................................................................ 12

*In re Syncor ERISA Litig.*
    351 F. Supp. 2d 970 (C.D. Cal. 2004)................................................................ 9

*Teets v. Great-W. Life & Annuity Ins. Co.*
    2015 WL 2455464 (D. Colo. May 22, 2015) ................................................. 10

*Trustees of Laborers' Local No. 72 Pension Fund v. Nationwide Life Ins. Co.*
    783 F. Supp. 899 (D.N.J. 1992) ....................................................................... 10

*Vander Luitgaren v. Sun Life Assur. Co. of Canada*
    765 F.3d 59 (1st Cir. 2014) ....................................................................... 10, 11

*Varity Corp. v. Howe*
    516 U.S. 489 (1996) ............................................................................... 4, 5, 7

*Western Mining Council v. Watt*
    643 F.2d 618 (9th Cir. 1981)............................................................................... 4

*Williams v. Group Long Term Disability Ins.*
    2008 U.S. Dist. LEXIS 54622 (N.D. Ill. July 17, 2008) ............................ 11, 12

### Federal: Statutes, Rules, Regulations, Constitutional Provisions

29 U.S.C. § 1101(b)(2)................................................................................................ 10

29 U.S.C. § 1102(a)(3).................................................................................................. 4

29 U.S.C. § 1104 ............................................................................................. 1, 2, 7, 8

29 U.S.C. § 1105 .......................................................................................... 2, 9, 10

29 U.S.C. §1106..................................................................................................... 2

29 U.S.C. § 1132 ................................................................................................................ 5

29 U.S.C. § 1132(a)(1)(B) ................................................................... 1, 4, 5, 6, 7, 8, 9, 10

29 U.S.C. § 1132(a)(3) ........................................................................ 1, 2, 4, 5, 6, 7, 14

29 U.S.C. § 1132(c) ........................................................................................................ 8

38 U.S.C. § 5301(a) ............................................................................................. 2, 11, 13

42 U.S.C. § 407(a) ............................................................................................. 11, 12, 13

Fed. R. Civ. P. 12(b)(6) ................................................................................................... 4

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

In its previous Order of January 2, 2015, the Court dismissed two of Plaintiff James Bush's ("Bush's") ERISA "plan document" claims against Liberty Life Assurance Company of Boston ("Liberty Life"), concluding that those claims could only be maintained against Bush's former employer and LTD Plan Administrator, Hyundai Motor America ("Hyundai").

Bush has now filed an Amended Complaint that alleges five *new* causes of action against Liberty Life, in addition to his prior claims.  Bush bases all of his claims on the same factual premise – Liberty Life's allegedly improper reduction of his monthly LTD benefit by the amount he receives from the United States Department of Veterans Affairs ("VA") for the same disability.

As explained below, *all* of Bush's new claims against Liberty Life fail as a matter of law and should be dismissed at the pleading stage.  In addition, Bush's Third Claim for Relief should now be dismissed in light of new case law decided since the Court ruled on Liberty Life's previous Motion to Dismiss.

Bush's Third Claim, for equitable relief under 29 U.S.C. § 1132(a)(3), should be dismissed because it seeks redress for the same injury alleged in his First Claim for Relief under Section 1132(a)(1)(B).  Under controlling Supreme Court precedent, equitable relief under Section 1132(a)(3) is "appropriate" only where Congress did not provide for adequate relief elsewhere in ERISA's remedial scheme.  And since this Court ruled on Liberty Life's previous  Motion to Dismiss, the Sixth Circuit issued its *en banc* decision in *Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364 (6th Cir. 2015), confirming that a claimant *cannot* seek disgorgement of profits as "appropriate" equitable relief under Section 1132(a)(3), because that relief would impermissibly duplicate the claimant's recovery of benefits under Section 1132(a)(1)(B).  In light of this new authority, Liberty Life respectfully renews its request that the Court dismiss Plaintiff's Third Claim for Relief.

Bush's Fourth Claim, for alleged breach of fiduciary duty under Section 1104, also fails as a matter of law.  This Court previously dismissed Bush's "plan document" claims against Liberty Life, recognizing that such claims could only be alleged against the plan administrator, Hyundai.

1    Bush's re-labeling of his claim as a fiduciary duty violation does not change the nature of this

2    claim.  As this Court recognized, ERISA unambiguously places the responsibility for the provision

3    of plan communications, including the Summary Plan Description ("SPD"), on plan

4    administrators, *not* insurers like Liberty Life.  Plaintiff's attempt to recast his previously-dismissed

5    "plan document" claims under Section 1104 is improper.

6         Bush's Sixth Claim, for alleged breach of fiduciary duty under Section 1105, fails for the

7    same reason as his Fourth Claim for Relief.  Claims relating to the adequacy of plan

8    communications must be directed to the plan administrator, not the insurer providing benefits.

9    Bush's improper attempt to repackage the claim as one for "co-fiduciary" liability does not save

10   his claim from dismissal.

11        Bush's Seventh Claim, for prohibited transactions under Section 1106, fails because the

12   insurance policy that funds Bush's LTD benefits is *not* a plan asset.  As numerous courts have

13   held, ERISA's fiduciary and prohibited transaction rules do not apply to the assets of an insurer

14   funding benefits.  As a result, Liberty Life could not have engaged in transactions prohibited by

15   Section 1106.

16        Bush's Eleventh Claim, for "attaching, levying or seizing" VA benefits in violation of 38

17   U.S.C. § 5301(a), ignores the plain language of the statute and controlling case law.  Liberty Life's

18   offset of VA benefits against LTD benefits does *not* constitute an "attachment, levy or seizure" of

19   the claimant's VA benefits.  The courts have repeatedly held that insurers do not violate anti-

20   attachment provisions – including 38 U.S.C. § 5301(a) – when they offset a claimant's "other

21   income" benefits against his or her LTD benefits.  That is because claims for reimbursement of

22   LTD benefits in the amount of a claimant's "other income" benefits, including SSDI benefits and

23   VA benefits, seek reimbursement of *LTD* benefits paid, *not* SSDI or VA benefits.

24        Finally, Bush's Twelfth Claim, for alleged participation in a breach of fiduciary duty by a

25   non-fiduciary, must be dismissed.  Even if claims relating to plan communications could be

26   maintained against Liberty Life, which they cannot, claims for breach of fiduciary duty cannot be

27   maintained against a non-fiduciary under Section 1132(a)(3).

28

1    For all of these reasons, Liberty Life respectfully requests that the Court grant this Motion

2  and enter an Order dismissing Counts III, IV, VI, VII, XI and XII as against Liberty Life *without*

3  leave to amend.

4    **II.    STATEMENT OF FACTS**

5    The facts alleged in the Amended Complaint are largely unchanged from the original

6  Complaint.  Given that this Court is familiar with those allegations and set them forth in detail in

7  its Order of January 2, 2015 (Dkt. No. 50), Liberty Life will not repeat them here.  In sum, Bush's

8  claims arise from Liberty Life's decision to offset his VA benefits from his LTD benefits payable

9  for the same disability.  Dkt. No. 77, ¶ 3.  Bush's claims admittedly arise under an employee

10  welfare benefit plan governed by ERISA, and the LTD benefits at issue are funded by a group

11  insurance policy issued by Liberty Life.  *Id*., ¶¶ 1, 9.  In addition to his individual claim, Bush

12  seeks to represent a class of individuals whose LTD benefits were also offset for the receipt of VA

13  benefits.  *Id*., ¶ 10.

14    During discovery, Liberty Life revealed that Bush's multi-state putative class, which

15  allegedly included thousands of participants, consisted of ***only six individuals (including***

16  ***Plaintiff)*** who had their LTD benefits offset by VA benefits between January 2008 and January

17  2015.  Dkt. No. 85-2 at 18:3-4.  After receiving Liberty Life's discovery responses and this

18  Court's Order partially granting Liberty Life's Motion to Dismiss (Dkt. No. 50), Bush filed an

19  Amended Complaint seeking to expand the class to include Liberty Life LTD plan participants in

20  all 50 states (and/or a subclass of 16 "covered states"[1]), regardless of whether those participants

21  have ever made a claim for LTD benefits or had those benefits offset by the amount of VA

22  benefits received.  Bush's 64-page Amended Complaint contains 89 additional paragraphs and 5

23  new claims for relief, most of which attempt to recast his "plan document" claims that this Court

24  previously dismissed as against Liberty Life.  *Compare* Dkt. No. 1 *with* Dkt. No. 77.  This Motion

25  to Dismiss followed.

26

27

28

---

[1] "Covered states" is defined to include the 16 states where, according to the Amended Complaint, the courts interpret ERISA plan terms *de novo* rather than for an abuse of discretion.  Dkt. No. 77 at ¶ 15.

### III.   LEGAL STANDARD

Dismissal under Rule 12(b)(6) is appropriate where the complaint fails to support a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A Motion to Dismiss should be granted when the complaint fails "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The complaint must plead sufficient facts from which the court could "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although this Court must make all reasonable inferences in favor of the non-moving party in ruling on a Motion to Dismiss, a valid legal theory must exist for a claim to be saved from dismissal.  *Anderson v. Clow*, 89 F.3d 1399, 1403 (9th Cir. 1996).  The court does not need to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

### IV.   ARGUMENT

**A.   Plaintiff's Third Claim for Disgorgement of Profits Fails Because It is Duplicative of Bush's Claim for Benefits and Is Not "Appropriate" Equitable Relief Under ERISA.**

Bush's Third Claim for Relief seeks disgorgement of profits earned on "wrongfully withheld" benefits, as well as injunctive relief seeking to preclude the VA offset "to the extent not permitted by ERISA § 502(a)(1)(B) [1132(a)(1)(B)]."  This claim for relief duplicates, at least in part, Count I, and is brought pursuant to 29 U.S.C. §1132(a)(3).[2]  Dkt. No. 77 at ¶¶ 195-96.

Where a claim for benefits under 29 U.S.C. § 1132(a)(1)(B)[3] provides relief to a participant, no claim can be asserted under 29 U.S.C. § 1132(a)(3).  *Varity Corp. v. Howe*, 516 U.S. 489 (1996); *Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364 (6th Cir. 2015); *Brady v. United of Omaha Life Ins. Co.*, 902 F. Supp. 2d 1274 (N.D. Cal. 2012).  In *Varity Corp.*, the Supreme Court held that individual equitable relief is "appropriate" within the meaning of Section

---

[2] Plaintiff's Amended Complaint, like the original Complaint,  repeatedly references section 502(a)(3) as codified at 29 U.S.C. § 1102(a)(3).  *See, e.g.*, Dkt. No. 77 at ¶¶ 195, 274.  This is not correct.  Presumably Plaintiff meant to refer to 29 U.S.C. § 1132(a)(3).

[3] Count I of Bush's Complaint seeks relief under ERISA's civil remedy provision, 29 U.S.C. §1132(a)(1)(B), and is not the subject of this Motion to Dismiss.  That claim will be addressed in a subsequent dispositive motion.

1132(a)(3) where Congress did not provide adequate relief elsewhere in ERISA's remedial

scheme. *Varity Corp.*, 516 U.S. at 515.  The Supreme Court described Section 1132(a)(3) as a

"catchall" that acts "as a safety net, offering appropriate equitable relief for injuries caused by

violations that [section 1132] does not elsewhere adequately remedy." *Id*. at 512.  However,

"where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be

no need for further equitable relief, in which case such relief normally would not be

'appropriate.'" *Id*. at 515; *Cox v. Reliance Standard Life Ins. Co.*, 2014 U.S. Dist. LEXIS 29773,

at *16-17 (E.D. Cal. Mar. 6, 2014).

As the Sixth Circuit's recent *en banc* decision in *Rochow* confirms, the Supreme Court's

decision in *Cigna Corp. v. Amara*, 131 S. Ct. 1866, 1881 (2011), did *not* expand available

remedies under ERISA.  *Id.* at 374-75 ("[w]hile Varity certainly acknowledges the possibility of

equitable relief, and Amara outlines the scope of potential equitable relief, when appropriate, the

Supreme Court has never stated that recovery under both § 502(a)(3) and § 502(a)(1)(B) may be

warranted for a single injury.").  The Sixth Circuit held that "[d]espite Rochow's attempts to

obtain equitable relief by repackaging the wrongful denial of benefits claim as a breach-of-

fiduciary-duty claim, there is but one remediable injury and it is properly and adequately remedied

under § 502(a)(1)(B)." *Id*. at 375; *Carpenters Health & Welfare Trust for S. Cal. v. Vonderharr*,

384 F.3d 667, 671 (9th Cir. 2004) (citing *Mertens v. Hewitt Assoc.*, 508 U.S. 248, 253-54 (1993)).

The Sixth Circuit concluded that there was "no showing that the benefits recovered by [the

plaintiff], plus the attorney's fee awarded, plus the prejudgment interest that may be awarded on

remand, are inadequate to make [the plaintiff] whole." *Rochow*, 780 F.3d at 374-75.  As such,

there was "no trigger for further equitable relief under Varity." *Id*.

In the Order of January 2, 2015, this Court held that Bush's Section 1132(a)(3) claim for

disgorgement of profits withstood the Motion to Dismiss as the claim could be "premised upon

different theories of liability and plaintiff seeks alternative remedies."  Dkt. No. 50 at 10:11.

*Rochow* has now rejected this distinction.  Equitable relief can only be obtained where the

claimant alleges some injury separate and distinct from the denial of benefits. *Id. Rochow*

expressly rejected the argument that disgorgement of profits earned on "wrongfully withheld" benefits was a separate wrong entitling a claimant to relief under Section 1132(a)(3):

> Rochow continues to claim that the disgorgement award ("equitable accounting") remedies an injury entirely distinct from the injury remedied by recovery of his benefits, and that he has therefore suffered two distinct injuries. Rochow contends that he suffered his first injury when LINA improperly denied his benefits, and he suffered his second "injury" when LINA used the funds it owed him to generate $3.7 million in profits for its own account  without  remitting the profits to him. Yet, in an action for wrongful denial of benefits, like this one, the denial of benefits necessarily results in a continued withholding of benefits until the denial is either finalized or rectified. The denial is the injury and the withholding is simply ancillary  thereto, the continuing effect of the same denial.  Together they comprise a single injury.  By withholding payment of benefits until the denial was either finalized or rectified, LINA did not violate a second, distinct duty owed to Rochow and did not inflict a second injury.
>
> Nor can it be said that Rochow suffered a second injury, or that his injury was exacerbated, as a result of any gain realized by LINA before it paid the wrongfully withheld benefits. Rochow's loss remained exactly the same irrespective of the use made by LINA of the withheld benefits. Despite Rochow's creative use of semantics, the reality remains clear: Rochow suffered one injury, the denial of his benefits.  And neither Rochow nor the dissent has succeeded in identifying any way in which the remedy available under § 502(a)(1)(B)—i.e., recovery of benefits and attorney's fees and, potentially, prejudgment interest—is inadequate to make Rochow whole. The remedy Congress chose to make available under § 502(a)(1)(B) having thus not been shown to be inadequate, it follows that permitting Rochow to obtain further equitable relief for the same injury under § 502(a)(3) would contravene the scheme established by Congress.

*Rochow*, 780 F.3d at 373-74.

As *Rochow* makes clear, Bush's disgorgement of profits claim is *not* distinct from his Section 1132(a)(1)(B) claim and, as a result, the claim should be dismissed.  *Id.*  Like the plaintiff's claims in *Rochow*, Bush's claim for benefits (Count I) and his equitable relief claim (Count III) are both premised upon Liberty Life's alleged denial of benefits.  In Count III, Bush merely attempts to "re-package" his benefits claim (Count I) as an equitable disgorgement claim – a practice that *Rochow* squarely rejected:

> Rochow contends there is no legitimate concern about impermissible claim "repackaging" when a benefits-claimant prevails and seeks "other appropriate equitable relief."   We disagree.   Impermissible repackaging is implicated whenever, in addition to the particular adequate remedy provided by Congress, a duplicative or redundant remedy is pursued to redress the same injury. Because Rochow was able to avail himself of an adequate remedy for LINA's wrongful denial of benefits pursuant to § 502(a)(1)(B), he cannot obtain additional relief for that same injury under §502(a)(3).

SMRH:437539345.4
LIBERTY LIFE ASSURANCE COMPANY  OF BOSTON'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

1     *Id.* at 373.

2          As in *Rochow*, allowing Bush to "recover disgorged profits under Section 502(a)(3), in

3     addition to his recovery under Section 502(a)(1)(B), based on the claim that the wrongful denial of

4     benefits also constituted a breach of fiduciary duty, would – absent a showing the Section

5     502(a)(1)(B) remedy is inadequate – results in an impermissible duplicative recovery…." *Id.* at

6     371.  And, as in *Rochow*, there is "no showing that the benefits recovered by [the plaintiff], plus

7     the attorney's fee awarded, plus the prejudgment interest that may be awarded on remand, are

8     inadequate to make [the plaintiff] whole." *Id.* at 372.   Bush's Third Claim for Relief should,

9     therefore, be dismissed.

10    **B.     Plaintiff's Fourth Claim for Equitable Relief Fails Because Liberty Life Is Not the
              Plan Administrator and the Claim is Duplicative of Bush's Benefits Claim.**

11         In Count IV, Bush alleges that Liberty Life violated Section 1104 because it drafted and

12    provided Certificates of Coverage and SPDs that did not adequately advise of the offset for VA

13    benefits.  Dkt. No. 77 at ¶¶ 199, 202.  This Court has already ruled that claims regarding the

14    adequacy of plan communications can only be brought against Hyundai, the plan administrator.

15    Dkt. No. 50 at 5-7.  Invoking Section 1104 in the Amended Complaint does not change this fact.

16    A claim for failure to provide plan documents or to provide an adequate SPD may be maintained

17    only against the plan administrator.  *Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940, 945

18    (9th Cir. 2008); *Moran v. Aetna Life Ins. Co.*, 872 F.2d 296, 299-300 (9th Cir. 1989).

19         Bush's Section 1104 claim must also be dismissed as duplicative of the Section

20    1132(a)(1)(B) claim alleged in Count I.  As the court recognized in *Haung v. Life Ins. Co. of N.*

21    *Am.*, 47 F. Supp. 3d 890, 906 n.4 (E.D. Mo. 2014):

22         The remaining breaches of fiduciary duty [based upon 29 U.S.C. § 1104] alleged
           in Count V are that Defendant: (1) failed to provide a copy of the Application to

23         Decedent or Plaintiff before Decedent's death; (2) included in the Policy an
           Incontestability Clause that violates Missouri law; (3) asserted a new reason for

24         denial of benefits on administrative appeal; and (4) took too long to reach its
           benefits determination. (Doc. No. 17 at 13–14.) The first two of these claims are

25         entirely duplicative of Plaintiff's denial of benefits claim under § 1132(a)(1)(B),
           and for that reason, cannot support a claim for breach of fiduciary duty under §

26         1132(a)(3)(B).

27

28    *Id.*

1    Moreover, in order to be subject to liability under Section 1104, a party must be "a

2  fiduciary under ERISA with respect to the conduct alleged." *Schulist v. Blue Cross of Iowa*, 717

3  F.2d 1127, 1131 (7th Cir. 1983).  Here, while Liberty Life may be a claim fiduciary, it is not a

4  fiduciary with respect to the conduct alleged in Count IV—namely, the failure to provide adequate

5  plan documents.  Section 1132(c)(1), under which a claim for violation of Section 1104 would be

6  pursued, does not render a third party directly liable to beneficiaries as if it were itself an

7  "administrator."  *Davis v. Liberty Mut. Ins. Co.*, 871 F.2d 1134, 1139 n.5 (D.C. Cir. 1989)

8  (declining to impose liability under Section 1132(c) because the insurer was not plan

9  administrator).  This Court recognized the same in granting Liberty Life's Motion to Dismiss

10  Plaintiff's claims based upon the failure to prepare or provide plan documents.  Dkt. No. 50 at 5-7

11  (noting that the Ninth Circuit has all but "slammed the door on the *de facto* administrator theory

12  advanced by Plaintiffs" and that "[t]he unambiguous language of the statute places the

13  responsibility for provision of [summary plan descriptions] on plan administrators and not

14  insurers.").

15    In sum, claim fiduciaries, like Liberty Life, do not have a duty to prepare or provide the

16  SPD or any other plan documents.  *McCollum v. Blue Shield of Cal.*, 2012 U.S. Dist. LEXIS

17  158534, at *11 (N.D. Cal. Nov. 2, 2012) (citing *Sgro*, 532 F.3d at 945; *Moran*, 872 F.2d at 299-

18  300) (granting Motion to Dismiss and rejecting plaintiff's assertion that claims for failure to

19  provide plan documents may be maintained against the insurer)).  As the court noted in *McCollum*,

20  "the Ninth Circuit has instructed against a *de facto* plan administrator theory[.]  Even where 'a

21  third party makes the benefit determination' such that 'the administrator may not have the needed

22  documents on hand,' the liable party remains the administrator."  *McCollum*, 2012 U.S. Dist.

23  LEXIS 158534, at *11.  Bush's Fourth Claim for Relief should be dismissed.

24  **C.    Bush's Sixth Claim for Relief Fails to Allege the Necessary Facts Showing that
        Liberty Life Has "Co-Fiduciary" Liability for the Plan Administrator's Alleged**

25  **Breach of Fiduciary Duty as to Provision of Plan Documents.**

26    Bush also improperly attempts to re-label his "adequacy of plan documents claim" as one

27  for co-fiduciary liability under Section 1105.  His attempt fails.  Under Section 1105(a), a "co-

28

fiduciary" can be held liable for the breach of fiduciary responsibility of another fiduciary only in the following situations:

1. Knowingly participating in, or knowingly undertaking to conceal, an act or omission of another fiduciary, knowing such act or omission is a breach;

2. Failing to comply with section 404(a)(1), thereby enabling another fiduciary to commit a breach;

3. Having knowledge of a breach by another fiduciary and not making reasonable efforts to remedy the breach.

29 U.S.C. § 1105(a).

Bush fails to allege facts necessary to establish any of these circumstances.  His Section 1105(a)(1) claim fails because he makes only conclusory allegations that "simply parrot the language of the co-fiduciary liability statute."  *In re Sprint Corp. ERISA Litig.*, 388 F. Supp. 2d 1207, 1230 (D. Kan. 2004); *In re Syncor ERISA Litig.*, 351 F. Supp. 2d 970, 980 (C.D. Cal. 2004) (dismissing co-fiduciary claim because plaintiffs alleged "no facts to support" allegations that "Defendants knew of the breaches, participated in the breaches, or made no effort to remedy them"); *Herrington v. Household Int'l., Inc.*, 2004 WL 719355, at *10 (N.D. Ill. Mar. 31, 2004) (dismissing as too "conclusory" co-fiduciary claim that opaquely alleged defendants "knowingly undert[ook] to conceal Household's failure to loyally and prudently manage Plan assets").

In the Amended Complaint, Bush alleges that Liberty Life "knowingly participated in and enabled the Administrators' breach of its fiduciary duty to provide plan participants with a Summary Plan Description that complies with ERISA § 102."  He does not allege any facts showing either that Liberty Life knew Hyundai was not in compliance with Section 102, or that Liberty Life knew that Hyundai's alleged conduct constituted a fiduciary breach.  Dkt. No. 77, ¶¶ 221, 223.  Without those essential allegations, Bush's Section 1105 claim fails.  Alternatively, the claim fails as impermissibly duplicative of his claim for benefits under Section 1132(a)(1)(B). *Caudle v. Life Ins. Co. of N. Am.*, 33 F. Supp. 3d 1288, 1294 (N.D. Ala. 2014) (dismissing Section 1105 claim where Section 1132(a)(1)(B) claim was pled).  The Sixth Claim for Relief should, therefore, be dismissed.

**D.      Bush's Seventh Claim for Relief Fails to Because Liberty Life Did Not Engage in ERISA Prohibited Transactions with Plan Assets.**

Bush cannot not maintain claims for self-dealing and engaging in prohibited transactions against the insurer of a fully insured plan.  "[T]he assets of a policy-issuing insurer are not plan assets." *Vander Luitgaren v. Sun Life Assur. Co. of Canada*, 765 F.3d 59, 63 (1st Cir. 2014); *see also Teets v. Great-W. Life & Annuity Ins. Co.*, 2015 WL 2455464, at *3 (D. Colo. May 22, 2015).  "In the case of a plan to which a guaranteed benefit policy is issued by an insurer, the assets of such plan shall be deemed to include such policy, but shall not, solely by reason of the issuance of such policy, be deemed to include any assets of such insurer."  29 U.S.C. § 1101(b)(2).

Under ERISA, the assets of the insurer are not treated as plan assets and are not subject to ERISA's fiduciary or prohibited transaction rules.  *Austin v. Union Bond & Trust Co.*, 2014 WL 7359058, at *4, n.2 (D. Or. Dec. 23, 2014).  "An insurance company ... is not considered to hold plan assets if a plan purchases an insurance policy from it, to the extent that the policy provides payments guaranteed by the company."  *Trustees of Laborers' Local No. 72 Pension Fund v. Nationwide Life Ins. Co.*, 783 F. Supp. 899, 903 (D.N.J. 1992) (quoting Joint Explanatory Statement of the Conference Committee, H.R. No. 1280, 93d Cong., 2d Sess., reprinted in 1974 U.S. Code Cong. & Admin. News, 4639, 5038, 5077).

In *Merrimon v. Unum Life Ins. Co. of Am.*, 758 F.3d 46, 56 (1st Cir. 2014), the plaintiff alleged that the insurer's "method of redeeming life insurance policies by paying death benefits in the form of RAAs [retained asset accounts] constituted self-dealing in plan assets in violation of ERISA section 406(b)."  *Id.*  The First Circuit first noted that "funds held in the insurer's general account are not plan assets" under 29 U.S.C. § 1101(b)(2), and further emphasized that "[t]here is no basis, either in the case law or in common sense, for the proposition that funds held in an insurer's general account are somehow transmogrified into plan assets."  The court held that there was "no showing of self-dealing sufficient to ground a section 406(b) claim." *Id.* at 61.

Here, Bush's Seventh Claim for Relief seeks to preclude Liberty Life from using its own funds.  Dkt. No. 77, ¶ 231.  Bush's LTD benefits are fully insured and paid by Liberty Life from its own funds, not with Hyundai's funds.  As a result, Bush cannot assert a claim against Liberty

1   Life for engaging in prohibited transactions with plan assets.  *Vander Luitgaren*, 765 F.3d at 63;

2   *Moreland v. Behl*, 1996 WL 193843, at *6 (N.D. Cal. Apr. 17, 1996).  Accordingly, the Seventh

3   Claim for Relief must be dismissed.

4   **E.    Bush's Eleventh Claim for Relief Fails Because Liberty Life Did Not "Attach, Levy or Seize" Any VA Benefits.**

5

6            Bush's Amended Complaint now includes a novel claim under Title 38, the statutory

7   scheme providing for VA benefits.  According to Bush, Liberty Life's offset of his LTD benefits

8   by the amount he received in VA benefits somehow violates 38 U.S.C. § 5301(a).  Not so.  As

9   numerous courts have held, claims for reimbursement of LTD benefits for the amounts received in

10  "other income" benefits, including SSDI benefits and VA benefits, do *not* violate anti-attachment

11  statutes like 38 U.S.C. § 5301(a).[4]  *See, e.g.*, *Williams v. Group Long Term Disability Ins*., 2008

12  U.S. Dist. LEXIS 54622 (N.D. Ill. July 17, 2008).

13           In *Williams*, Reliance Standard filed a counterclaim seeking reimbursement for

14  overpayments of LTD benefits it made while Williams was also receiving SSDI and VA

15  benefits.  Williams moved to dismiss the counterclaim based on 38 U.S.C. § 5301(a) and 42

16  U.S.C. § 407 arguing that those statutes precluded the counterclaim.  The District Court disagreed,

17  reasoning:

18           While it is true that a lien may not attach to Social Security or Veterans benefits,
             Reliance Standard does not seek reimbursement of plaintiff's Social Security or
19           Veterans benefits. Rather, Reliance Standard seeks reimbursement of the funds
             that it actually paid to plaintiff.  Reliance Standard is not seeking to attach a lien
20           to plaintiff's Social Security or Veterans benefits, but rather to recover the
             overpayment of funds plaintiff received as a result of collecting both Social
21           Security and Veterans benefits at the same time he collected long-term disability
             benefits under the Plan.
22
23   2008 U.S. Dist. LEXIS 54622, at *5 (citing *Smith v. Accenture U.S. Group Long-Term Disability*

24   *Ins. Plan,* 2006 U.S. Dist. LEXIS 68971, at *11(N.D. Ill. Sept. 13, 2006) (denying motion to

25   dismiss counterclaim and explaining that Aetna "does not seek a constructive trust on plaintiff's

26   _____

27   [4]   As the court noted in *Bianconi v. Preston*, 383 F. Supp. 2d 276, 278 (D. Mass. 2005), the "anti-attachment"
      provision of 38 U.S.C. § 5301(a)(1) closely parallels the "anti-attachment" provisions of the Social Security Act
      ("SSA"), 42 U.S.C. § 407(a).  Cases interpreting the "anti-attachment" provision of the SSA are persuasive in
28   interpreting 38 U.S.C. § 5301(a)(1).  *Id.*

future social security payments.  Rather, Aetna seeks repayment of the long-term disability payments that were overpaid.")).

Recoupment of overpayments of SSDI benefits by withholding future LTD benefits are permissible and recovery of the overpayments does not violate the parallel anti-assignment provision of the SSA.  *Fortelney v. Liberty Life Assur. Co.*, 790 F. Supp. 2d 1322, 1344 (W.D. Okla. 2011) (citing *Stuart v. Metropolitan Life Ins. Co.*, 664 F. Supp. 619, 625 (D. Me. 1987)).  In *Fortelney,* the court dismissed plaintiff's putative class claims that reducing LTD benefits to zero to collect overpayments violated the anti-assignment provision.  790 F. Supp. 2d at 1344 (citing *DeFrancesco v. Nationwide Mut. Ins. Co.*, 2006 U.S. Dist. LEXIS 17856, at *2 (D. Conn. Apr. 7, 2006)).

Similarly, in *Cusson v. Liberty Life Assur. Co.*, 592 F.3d 215, 232 (1st Cir. 2010), the First Circuit recognized that:

> § 407(a) does not bar Liberty's claim [for recovery of the overpayment of LTD benefits] because Liberty is not attempting to recover Cusson's SSDI benefits. Rather, Liberty seeks to recover in equity from funds Liberty itself already paid under the LTD plan. ***Although the amount in question happens to be the same as the amount of Cusson's retroactive SSDI payment, the funds Liberty is targeting do not come from SSDI, and thus § 407(a) does not prohibit Liberty's claim***.

*Id.* (emphasis added); *Bosin v. Liberty Life Assur. Co.*, 2007 U.S. Dist. LEXIS 26697, *30-31 (W.D. Mich. Apr. 11, 2007) (rejecting plaintiff's argument that a reimbursement claim was "barred by the anti-assignment provisions of § 407 of the Social Security Act").

The same result was reached in *Lamb v. Hartford Life & Acc. Ins. Co.,* 862 F. Supp. 2d 1342, 1355 (M.D. Ga. 2012) where the court stated:  "§ 407(a)'s prohibition is not triggered by this kind of reimbursement provision because the insurance company 'seeks the amount it overpaid [the claimant rather than] any of [the claimant's] Social Security benefits.'"  *Id.* (quoting *Herman v. Metropolitan Life Ins. Co.*, 2008 U.S. Dist. LEXIS 101612 (M.D. Fla. Dec. 16, 2008); *Mattox v. Life Ins. Co. of N. Am.*, 536 F. Supp. 2d 1307, 1327 (N.D. Ga. 2008)).

The *Lamb* court concluded:  "Hartford is not seeking to recover Social Security disability benefits through an assignment from Plaintiff; Hartford is seeking to recover an overpayment from monies that Hartford previously paid to Plaintiff.  Attempting a recovery of overpayment is not the

same as directly assigning Social Security benefits.  Thus, § 407(a) is inapplicable to the case at hand."  *Lamb*, 862 F. Supp. 2d at 1355; *accord Makoul v. Prudential Ins. Co. of Am.*, 2013 U.S. Dist. LEXIS 104653, at *12 (N.D. Ill. July 25, 2013) (holding that anti-assignment provision does not bar counterclaim for overpayment because the claim "is seeking to recover overpayments it made due to Makoul's receipt of SSDB.  It is not attempting to force Makoul to disgorge SSDB"); *DeBenedictis v. Hartford Life & Acc. Ins. Co.*, 701 F. Supp. 2d 1113, 1135 (D. Ariz. 2010); *Holmstrom v. Metropolitan Life Ins. Co.*, 615 F. Supp. 2d 722, 753 (N.D. Ill. 2009) (noting that "Holmstrom's argument rests on a basic misunderstanding of the counterclaim.  Met Life is not attempting to attach the equitable lien to her social security benefits.  Rather, as discussed above, the proposed lien would attach to the overpayment of money provided by Met Life.").

The same is true with respect to Bush's VA benefits.  Liberty's reduction of Bush's LTD benefits by the amounts he received in VA benefits does not violate the anti-assignment provision contained in 38 U.S.C. §5301(a).  Accordingly, Bush's Eleventh Claim for Relief should be dismissed.

**F.      Bush's Twelfth Claim for Relief Fails As Yet Another Improperly Re-Labeled "Plan Document" Claim Against Liberty Life, Which is Not the Plan Administrator.**

Count XII alleges that Liberty Life's description of income eligible for offset was inaccurate and that liability may be imposed against it as a "non-fiduciary."  Dkt. No. 77 at ¶ 292.  Bush seeks to hold Liberty Life liable for plan documents and communications despite this Court's earlier order dismissing those claims and the Ninth Circuit's decisions "slamming the door" on the *de facto* administrator argument.  Dkt. No. 50 at 5:25-26.  As in Count III, Bush appears to seek disgorgement.  Dkt. No. 77 at ¶ 295.

Claims relating to the adequacy of plan communications must be directed to the plan administrator, not the insurer providing benefits under the Plan.  *Sgro*, 532 F.3d at 945; *Moran*, 872 F.2d at 299-300; *Davis*, 871 F.2d at 1139 n.5.  Count XII fails to state a claim against Liberty Life.  Bush cannot maintain a claim for breach of fiduciary duty against a non-fiduciary under Section 1132(a)(3).  *Nieto v. Ecker*, 845 F.2d 868, 873 (9th Cir. 1988) (holding that "[p]ermitting recovery of damages under section 502(a)(3) [for a breach by a non-fiduciary] would render

1  section 409(a) superfluous, a result contrary to a fundamental canon of statutory construction”).

2  Bush's Twelfth Claim for Relief should be dismissed.

3  **V.      CONCLUSION**

4  For all of the foregoing reasons, Liberty Life respectfully requests that the Court grant its

5  Motion to Dismiss and enter an Order dismissing Counts III, IV, VI, VII, XI and XII of Bush's

6  Amended Complaint as against Liberty Life *without* leave to amend.

7  Dated:  June 11, 2015

8                                       Respectfully submitted,

9                                       SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

10

11                         By    _____/s/ Robert J. Guite_____

12                                       FRANK FALZETTA
                                         ROBERT J. GUITE

13                                       Attorneys for Defendant
                                         LIBERTY LIFE ASSURANCE
14                                       COMPANY OF BOSTON

15

16

17

18

19

20

21

22

23

24

25

26

27

28